Joan Lea **BARRETT**, Appellant,

v.

**BENTZINGER BROTHERS, INC., Respondent.**

No. 41079.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 19, 1980.

LeRoy Crouther, Jr., St. Louis, for appellant.

William J. McCluggage, St. Louis, for respondent.

REINHARD, Judge.

Claimant appeals from an order of the Circuit Court sustaining the decision of the Labor and Industrial Relations Commission awarding claimant two hundred weeks of compensation for permanent partial disability. The sole question for review is whether there is substantial and competent evidence to support the commission's award.

Claimant had worked for employer for approximately six years. While at work, on April 30, 1975, claimant sustained injuries when she attempted to step up on a seven inch high platform. The platform slid and claimant fell backwards to the floor injuring her left arm and shoulder, her right knee and her lower back. She subsequently filed a claim for compensation benefits.

Both claimant and employer presented evidence at the hearing on the claim for compensation. In addition to the testimony of claimant and that of Dr. Lloyd J. Hill, claimant also offered in evidence the medical report of Dr. Harold A. Walters and portions of the hospital records from Alexian Brothers and St. Joseph Hospitals. Employer's evidence consisted of the testimony of Dr. Marshall B. Conrad and reports of Dr. Thomas R. Moon.

Drs. Hill and Conrad, neither of whom was claimant's treating doctor, differed substantially in their findings and conclusions. Both agreed that claimant had sustained injuries from the fall and that claimant had sustained some permanent disability, however, they differed as to the degree of disability. Dr. Hill rated claimant to be 100% disabled due to a combination of her injuries. He rated her disability at 35% of her right knee, 35% of her back, and 35% of her left arm and shoulder. It was his opinion that claimant could not return to any employment. Dr. Conrad rated claimant's disability at 15% of her back, 20% of her right knee, and no disability in her arm or shoulder. He declined to give an opinion as to whether or not she was available for the labor market. Dr. Walters, in his report, rated her disability at 10% of the body as a whole with reference to her back, 5% disability through the level of the right knee, and 15% disability through the level of the left shoulder.

The administrative law judge found from all of the evidence that the employee was entitled to two hundred weeks of compensation for permanent partial disability. He made this finding after concluding that she had a 35% disability of the right knee, 10% of the body as a whole referable to the back, 20% of the body as a whole referable to the left arm and shoulder, and 14 or 15% of the body as a whole due to the multiplicity of the injuries. He further found that she was able to participate in the labor

market. The Labor and Industrial Relations Commission affirmed the award of the Administrative Law Judge. An appeal of the Commission's decision was subsequently affirmed by the circuit court.

■ The standards to be utilized by this court in reviewing an award of the Commission have been set forth in numerous cases. It is clear that we may not substitute our judgment for that of the Commission; rather, we must review the record, including legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission. *Tillman v. Wedge Mobile Serv. Station,* 565 S.W.2d 653, 657 (Mo.App.1978). The decision of the Commission must be upheld if it is supported by competent and substantial evidence. *Berardino v. General Molding, Inc.,* 586 S.W.2d 365, 366 (Mo.App.1979). The Commission passes upon the credibility of all witnesses and may disbelieve testimony of a witness though no contrary or impeaching evidence appears. *Petersen v. Central Pattern Co.,* 562 S.W.2d 153 (Mo. App.1975). Where the testimony of medical witnesses is involved, such testimony should be appraised and weighed in its entirety. *Vogel v. Hall Implement Co.,* 551 S.W.2d 922, 927 (Mo.App.1977). However, the determination of the specific amount or percentage of disability is a finding of fact within the special province of the Commission. When the Commission makes the determination of disability it is not strictly limited to the percentages of disability testified to by the medical experts. *McAdams v. Seven-Up Bottling Works,* 429 S.W.2d 284, 289 (Mo.App.1968).

■ Upon examination of the record in this case, we conclude that in light of the above enunciated standards the Commission's order is based upon substantial and competent evidence. The judgment of the circuit court affirming the Commission's order is affirmed.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.