**Herman BLISSENBACH, Appellant,**

v.

**GENERAL MOTORS ASSEMBLY DIVISION, Respondent.**

No. 45726.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 15, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied April 15, 1983.

Application to Transfer Denied May 31, 1983.

---

1. We have also considered defendant's pro se brief and his points contained therein.

Jack Randall, St. Louis, for appellant.

John L. Harlan, Jr., St. Louis, for respondent.

REINHARD, Judge.

Employee appeals from an order of the circuit court sustaining the decision of the Labor and Industrial Relations Commission denying his motion to change its award due to a change of employee's condition.

On April 22, 1975, the employee was awarded compensation based on a disability rating of 40% of the body as a whole referable to the low back for a work related injury which occurred on September 24, 1973. On February 17, 1976, employee filed

a motion to change the award due to a change of condition. In the motion, employee alleged, "that since the date of the Award the condition of the Employee worsened to the extent that he is now in need of substantial medical treatment and is presently permanently and totally disabled." The Labor and Industrial Relations Commission remanded the case to the Division of Workmen's Compensation for a hearing on the alleged change of condition. After hearing on February 14 and 26, 1979, the Commission denied employee's motion for change of award.

The evidence revealed that between the time of the original hearing and date of rehearing, employee had had two hydrocele operations, had broken his ankle, and had suffered a heart attack. However, employee's claim for relief was based upon his alleged deteriorating back condition. He had had a lumbar laminectomy for removal of a disc in 1973 and further back surgery in 1976. In March, 1977, he had suffered a heart attack. After the attack, he had gone back to work on a light duty job in June, 1978, and had worked until December 14, 1978. He said employer was "very nice. They let me pick my own job out and I thought that was the best I would find." According to employee, he was unable to continue the light work.

Employee relies on the medical reports of Drs. Snyders, Hogan, and Tulyasathien. He also relies on the testimony of employer's witness, Dr. Conrad. Dr. Snyders was employee's family physician. In a report dated January 15, 1979, he stated he had found a protruding disc and stated the employee was totally and permanently disabled. Dr. Hogan was a neurologist, and Dr. Tulyasathien was an orthopedist. The employer had referred the employee to these physicians.[1] Dr. Hogan's report, dated January 30, 1979, stated, "I do not feel that the patient is able to perform, obviously any heavy work and there is a serious question of whether he is able to do even

sedentary work." Dr. Tulyasathien's report stated he had found spasm of the paravertebral muscle, marked limitation of flexion, extension, lateral flexion and rotation of the lumbosacral spine. His report stated his diagnosis: "My impression was: Post Laminectomy syndrome. I do not believe that patient will be able to do any physical work and most likely the condition will be permanent."

Employer presented Dr. Marshall B. Conrad, an orthopedic surgeon. He examined employee on January 4, 1977. Dr. Conrad testified that employee "moved about the office slowly and with obvious difficulty but he was able to walk without support. However, he walked with a right-sided limp." He said employee "had palpable muscle spasm of the lumbar region," and motion of the back was "limited to a considerable extent." He stated that x-rays revealed a significant or rather marked degree of osteopenia. He stated osteopenia was not a direct result of trauma: it can result from inactivity. Dr. Conrad estimated residual disability amounting to approximately 50% of the man. He also examined employee on January 30, 1979, and found no significant change in his condition. The employee still had muscle spasm and his motion in the lumbar spine was "perhaps somewhat more limited than previously." He did not find anything "to make me change my estimate of fifty per cent resulting from the back injury and the subsequent surgery." This 50% rating did not include any disability resulting from employee's heart problems.

Section 287.470, RSMo. 1978, provides that the Labor and Industrial Relations Commission, on its own motion or on application of any party, may, after rehearing, "review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded." In order to obtain an increased award upon the grounds of change of condition, the employee must show that since the

---

1. Dr. Hogan's and Dr. Tulyasathien's reports were found in the employee's medical insurance file kept by employer. The file was subpoenaed for the hearing. These two doctors did not conduct their examinations of employee for the purposes of workmen's compensation.

original award his condition has become substantially worse. *Winschel v. Stix, Baer & Fuller Dry Goods Co.,* 77 S.W.2d 488, 491 (Mo.App.1934). A continued incapacity of the same kind and character from the same injury is not a change of condition within the meaning of the statute, and the statute is not intended as a means of correcting an erroneous original award. *Hassell v. C.J. Reineke Lumber Co.,* 54 S.W.2d 758, 760 (Mo.App.1932). Evidence that an employee's condition has persisted longer than expected is not sufficient to sustain a modified award. *State ex rel. Sei v. Haid,* 332 Mo. 1061, 61 S.W.2d 950, 954 (Mo.1933). The employee must show that, since the original award, some element of disability or some symptom not contemplated at the original hearing has made his condition grow gradually worse or has caused him to suffer something in the nature of a relapse. *Rue v. Eagle-Picher Lead Co.,* 228 Mo.App. 114, 70 S.W.2d 124, 128 (Mo.App.1934).

On appeal in a workmen's compensation case, we review the whole record, including legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission. We must uphold the decision of the Commission if it is supported by competent and substantial evidence. *Tillman v. Wedge Mobil Service Station,* 565 S.W.2d 653, 657 (Mo.App.1978). The Commission is charged with the responsibility of passing upon the credibility of all witnesses, and it may disbelieve testimony of a witness though no contradictory or impeaching evidence is introduced. Furthermore, in a workmen's compensation case, the Commission's obvious acceptance or rejection of part or all of the testimony of any lay or medical witness cannot be disturbed upon review, unless its acceptance or rejection is against the overwhelming weight of the evidence. *Wray v. Schwitzer Co.,* 615 S.W.2d 646, 649 (Mo.App.1981); *Berardino v. General Molding, Inc.,* 586 S.W.2d 365, 366 (Mo.App.1979). Finally, when the Commission makes a determination of disability it is not strictly limited to the percentage of disability testified to by medical experts. *Barrett v. Bentzinger Brothers, Inc.,* 595 S.W.2d 441, 443 (Mo.App. 1980).

Based upon the above principles and the standard of review, the record reveals that the Commission's order is supported by substantial and competent evidence and is not against the overwhelming weight of the evidence.

The judgment of the trial court is affirmed.

CRANDALL, P.J., and CRIST, J., concur.