Curtis TIBBS, Employee-Appellant,

v.

ROWE FURNITURE CORPORATION, Employer-Respondent,

and

Hartford Insurance Company, Insurer-Respondent.

No. 13816.

Missouri Court of Appeals, Southern District, Division Three.

April 17, 1985.

Motion for Rehearing and Transfer to Supreme Court Denied May 14, 1985.

Application to Transfer Denied June 25, 1985.

Morris B. Kessler, St. Louis, for employee-appellant.

Richard K. Kuntze, Oliver, Oliver, Waltz & Cook, P.C., Cape Girardeau, for respondents.

PREWITT, Chief Judge.

The employee sought worker's compensation benefits for physical and mental conditions he claims were caused by an accident at work. He appeals from an award of the Labor and Industrial Relations Commission affirming the award of an administrative law judge, granting him benefits only for the physical condition.

The scope of our review is stated in Mo. Const. Art. V, § 18 and § 287.495, RSMo Supp.1984. From them and their predecessors certain well-established principles have developed. Appellate courts review worker's compensation cases in the light most favorable to the award of the Commission and uphold the decision of the Commission if it is supported by competent and substantial evidence. *Blissenbach v. General Motors Assembly Div.*, 650 S.W.2d 8, 11 (Mo.App.1983).

It is only when the Commission's award is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence do we disturb it. *Bradshaw v. Brown Shoe Co.*, 660 S.W.2d 390, 392 (Mo.App.1983). However, when the facts on which the decision should turn are not in dispute, the award that should be entered becomes a matter of law. *Ikerman v. Koch*, 580 S.W.2d 273, 278 (Mo. banc 1979).

The Commission is charged with the responsibility of passing upon the credibility of witnesses, and it may disbelieve testimony of a witness though no contra-

dictory or impeaching evidence is introduced. *Blissenbach,* supra, 650 S.W.2d at 11. A Commission's acceptance or rejection of part of a witness's testimony cannot be disturbed upon review, unless its acceptance or rejection is against the overwhelming weight of the evidence. Id.

Other principles are also applicable. One of the purposes of the Worker's Compensation Act is to relieve the burden of workers incapacitated by injuries from the public and place the burden upon industry. *Cox v. Copeland Bros. Construction Co.,* 589 S.W.2d 55, 61 (Mo.App.1979). In interpreting the Worker's Compensation Law all doubts are resolved in favor of the employee but not to the extent of validating a claim lacking some essential element. *Ellis v. Western Electric Co.,* 664 S.W.2d 639, 641 (Mo.App.1984).

On August 4, 1981, while working for respondent, Rowe Furniture Corporation, appellant suffered a compensable accident when he cut the little finger of his left hand with an electric knife. He was awarded 10% permanent partial disability to his left little finger at the 16 week level and denied any benefits for the mental condition which he claims was "precipitated" or "triggered" by the accident. Appellant's mental condition was variously described as "schizophrenia, paranoid type" with "depressive components", "major depression with psychotic features", "major depressive agitated psychosis", "depressed psychosis", or "[a]typical paranoid disorder".

The administrative law judge found that a sufficient causal connection of appellant's mental condition with the accident was not shown, finding that appellant's "said mental disability was caused by an unsettled domestic situation, unfortunate social relationships, and financial difficulties. The fact his trauma of August 4, 1981 coincided with these problems was not a precipitating factor in contributing to his current mental health." The Commission adopted his findings.

Appellant contends that (1) "all of the evidence, both lay and expert, was that there was a chain of causation between the accident and the psychosis suffered by the Employee Appellant and this evidence is uncontroverted", and (2) the award was erroneous because it "adopted the medical 'sole cause' doctrine, as opposed to the legal concept which holds that the accident is a proximate cause of the disability even though it may have only been a contributory, concurrent or triggering factor."

Claimant is correct that an accident need not be the sole or direct cause of an injury to be compensable. It is sufficient if the accident is "an efficient, exciting, superinducing, concurring or contributing cause." *Smith v. Cook Paint & Varnish Co.,* 561 S.W.2d 730, 732 (Mo.App.1978). See also *Manley v. American Packing Co.,* 363 Mo. 744, 253 S.W.2d 165, 169 (1952).

*Wynn v. Navajo Freight Lines, Inc.,* 654 S.W.2d 87 (Mo. banc 1983), indicates that evidence of causation is sufficient "if the actual triggering causes are found, on the basis of substantial evidence, to meet the 'job related' or 'work related' test of *Wolfgeher* [*v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983)]". 654 S.W.2d at 89–90. *Boatwright v. ACF Industries,* 463 S.W.2d 549, 554 (Mo.App. 1971), found sufficient evidence to establish causation "that the accident did precipitate the development of the employee's psychoneurotic symptoms which functionally disabled him."

*Thompson v. Railway Express Agency,* 241 Mo.App. 683, 236 S.W.2d 36, 39 (1951), states that a neurosis can be compensable if causal connection with an accident sustained in the course of employment is proven by "clear evidence". That statement is reiterated in other opinions. See *Webb v. Norbert Markway Construction Co.,* 522 S.W.2d 611, 614 n. 3 (Mo.App. 1975); *Todd v. Goostree,* 493 S.W.2d 411, 417 (Mo.App.1973); *Boatwright v. ACF Industries,* supra, 463 S.W.2d at 551; and *Patane v. Stix, Baer and Fuller,* 326 S.W.2d 402, 413 (Mo.App.1959). Mental conditions are compensable under the Worker's Compensation Law provided they

are shown to have been directly and proximately caused by the accident. *Wilhite v. Hurd,* 411 S.W.2d 72, 78 (Mo.1967).

■ Ordinarily it is sufficient if a claimant shows the essential elements of his case by a reasonable probability. *Davies v. Carter Carburetor,* 429 S.W.2d 738, 749 (Mo.1968); *Ellis v. Western Electric Co.,* supra, 664 S.W.2d at 642. If "clear evidence" is a higher standard, why a higher degree of proof should be required where a mental condition is in issue is not satisfactorily explained. *Thompson* and *Patane* note that a neurosis can be caused by a wide variety of circumstances, but that is also true of other compensable conditions. Perhaps the distinction is that the causation of a mental condition is not as apparent as that of many physical conditions and that proof of it would almost always be dependent on expert testimony. Nevertheless, with the appellant having the burden to prove causation and with the evidence presented, we think the Commission's finding was justified under either standard.

■ The relationship between the accident and appellant's condition was disputed. The physicians whose testimony appellant presented said that a number of factors, including the accident, caused his problems. One of them testified that it was losing his job, more than the accident, that made his problems more noticeable. The witness apparently assumed that appellant lost his job because of the accident. The physician also stated that appellant's "psychosis was a response to the fact that the company did not accept the doctor's recommendations in terms of Mr. Tibbs' treatment of his finger that produced his psychotic response, connected with the fact that he had served the company in the face of the harassment that he experienced from his co-worker and which he thought was condoned by the company."

A physician who testified for the employer and whom the Commission could have believed, stated the cut to claimant's finger was not "the precipitating cause of his present condition." He answered, "No", to the question, "[I]n your opinion, to a reasonable degree of medical certainty, was the paranoid disorder which you have diagnosed in Mr. Tibbs caused by the accident in which he suffered on August 4, 1981?" He did say that the accident "could be one of the things that triggered it [his mental condition]". The witness would not "exclude" the accident "as being one of the causes or one of the triggering events". In a report he stated that the "accident in which he cut the tip of his left little finger was only the icing on the cake." Appellant's brief, referring to this, states "It is possible to have a cake without icing, but when the cake is iced, then the icing is an integral part of the cake." Although that is true, there still would have been a cake without the icing and the icing does not create the cake. This is mentioned only because of the emphasis appellant puts on that part of the report.

The evidence justified the administrative law judge's finding, adopted by the Commission, that appellant's mental condition was not caused by the accident, but by "an unsettled domestic situation, unfortunate social relationships, and financial difficulties." On our limited review we cannot say that the Commission's findings were not supported by substantial evidence or were clearly contrary to the overwhelming weight of the evidence.

The award is affirmed.

TITUS, FLANIGAN and MAUS, JJ., concur.

CROW, P.J., recused.