Eleanor P. PECK, Plaintiff-Respondent,

v.

MARCONE APPLIANCE PARTS CENTER, and Zurich-American Insurance Company, Defendants-Appellants.

No. 14531.

Missouri Court of Appeals, Southern District, Division One.

Dec. 15, 1986.

S.W. Longan, III, Patricia L. Lear-Johnson, Kansas City, for plaintiff-respondent.

Greg B. Carter, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for defendants-appellants.

RONALD M. BELT, Special Judge.

This is an appeal from a final award of death benefits by the Labor and Industrial Relations Commission in a workers' compensation case wherein the commission affirmed the findings and decision of the administrative law judge. The claim arose out of a motorcycle accident which occurred August 3, 1983, in which Eleanor Peck's husband, Milton G. Peck, Jr., was fatally injured.

On appeal, Marcone Appliance Parts Center (Marcone) and Zurich-American Insurance Company (Zurich-American) allege that the facts do not support the commission's finding that Peck's death arose out of, and in the course of, his employment, as such finding is against the weight of the evidence. They further allege that Peck's death arose out of an activity expressly prohibited by Marcone and, therefore, was not compensable.[1]

Our review of the commission's findings is limited to a determination of whether, on

---

1. At oral argument before this court, we were informed that appellants wished to abandon point V in their brief which alleged that the commission erred in admitting into evidence claimant's exhibit B, an expense account of Peck's showing he had been reimbursed by Marcone for a supper he had bought for the same client two months before the day of the accident involved here. Therefore, no review by this court on this point has been made.

the basis of the entire record, the commission could reasonably have made its findings. *Brown v. Weber Implement & Auto Co.*, 357 Mo. 1, 206 S.W.2d 350, 352 (1947); *Smith v. Cook Paint & Varnish Co.*, 561 S.W.2d 730, 732 (Mo.App.1978); § 287.495, RSMo 1986. "All of the evidence and legitimate inferences therefrom must be viewed in the light most favorable to the award.... The award may be set aside only if there is no substantial and competent evidence to support it or if the findings of the commission are clearly contrary to the overwhelming weight of the evidence." *Blatter v. Mo. Dept. of Social Services*, 655 S.W.2d 819, 821 (Mo.App.1983).

Viewed in this light, the evidence before the commission was as follows. Milton G. Peck, Jr., was a traveling salesman for Marcone. On the morning of the accident, Peck called on Glen Jones, a customer of Marcone, in Joplin, Missouri, at approximately 8:00 a.m. The two men went to Hardee's restaurant, and while there Jones gave Peck an order. Peck and Jones made plans for a motorcycle ride that evening. Peck went to Jones' combination home and shop about 6:20 p.m. The motorcycle ride followed, which resulted in Peck's death.

The commission, in affirming the findings of the administrative law judge, found that Peck's ride as a passenger on the motorcycle owned and driven by Jones was for a combined personal and business purpose and that his death was caused by an accident arising out of and in the course of his employment.

There was evidence that in June, 1983, Peck, while in Joplin, bought Mr. Jones' supper while on a motorcycle ride one evening, and that the company reimbursed him for the cost thereof. There was competent and substantial evidence based upon the whole record to support the commission's conclusion that Peck, at the time of the accident in question, was not on an activity purely personal. *Brown*, supra, 206 S.W.2d at 359.

Peck's supervisor, Roy Hoskins, testified that after he learned of the motorcycle ride in June, 1983, he told Peck "that under no circumstances whatsoever did I ever want him riding a motorcycle or doing anything that would be hazardous to his health or to the health of somebody else on his company time, which was from 8:00 to 5:00." The commission, through the administrative law judge, found the supervisor's testimony to be incredible and that "I find that I am unable to believe that Mr. Hoskins told Mr. Peck not to ride a motorcycle on company time."

The credibility of the witnesses is for the commission. *Blissenbach v. General Motors Assembly Division*, 650 S.W.2d 8, 11 (Mo.App.1983). It found that riding a motorcycle on company time was not an act expressly prohibited by the employer. It had a right to make such a finding.

The accident occurred after 5:00 p.m. and the employer asserts that benefits should be denied because the working hours were from 8:00 a.m. to 5:00 p.m. However, the commission found, and we have concurred, that the motorcycle ride was for a combined personal and business purpose.

The award of the commission is affirmed.

GREENE, P.J., and SEIER and REINHARD, Special Judges, concur.