**Thomas P. BAUER,**
**Employee/Appellant,**

v.

**CUSTOM TRAILER REPAIR, INC.,**
**Employer/Respondent.**

**No. 60860.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 5, 1992.

Kennedy & White, Francis H. Kennedy, St. Louis, for employee/appellant.

Moser and Marsalek, P.C., William E. Paasch, Christiana M. Rush, St. Louis, for employer/respondent.

KAROHL, Judge.

Thomas P. Bauer filed two worker's compensation claims against employer, Custom Trailer Repair Inc. The first alleged neck injury which occurred on January 10, 1990. The second alleged a reinjury of the neck on July 6, 1990. In the first claim, employee alleged he "[i]njured [his] neck while lifting transmission onto a dolly" on January 10, 1990. In the second claim employee alleged he "[i]njured [his] neck while lifting starter motors for diesel engines from pickup truck and placing them on shelf in parts room" at 11:30 a.m. on July 6, 1990. Employee also made claims against the Second Injury Fund due to a prior injury to the vertebrae of his lower back. The two claims were consolidated and tried together in a hardship case. The administrative law judge (ALJ) found employee failed to establish a causal connection between the January 10, 1990, incident and the complained of medical condition. The Labor and Industrial Relations Commission (Commission) affirmed this finding. In a separate finding, the ALJ found employee did not suffer an injury on July 6, 1990, which arose out of and in the course of his employment. The Commission also affirmed the ALJ's finding employee failed to meet the required burden of proof of causation in his second claim. (Philip M. Barry dissenting).

Employee appeals the award of no compensation on his second claim. He con-

cedes in his brief the Commission did not err in denying his first claim. Summarizing his points on appeal, employee asserts the award was against the overwhelming weight of the evidence. He also contends the Commission erred when it refused to allow him to testify and give rebuttal evidence relating to the sequence of events of July 6, 1990. Employee offered evidence of a meeting involving employee and his supervisor, Tim Robertson, which occurred after 11:30 a.m. On that day there was no complaint about an injury. We affirm.

We review the decision of the Commission under § 287.495 RSMo 1986.

Our review is limited to questions of law. Section 287.495 RSMo 1986. We must affirm the Commission's decision if, after a review of the entire record in the light most favorable to the finding, we believe the award is supported by competent and substantial evidence. In making this determination, evidence which might support findings different from those found by the Commission must be disregarded.

It is well settled that questions of fact are for the Commission. We may not substitute our judgment on evidence for that of the Commission's even if the evidence could support a contrary finding. The weight to be given evidence rests with the Commission and it alone determines the credibility of witnesses. Where competent evidence is conflicting, resolution is for the Commission and its choice is binding upon this court. (citations omitted). *Saidawi v. Giovanni's Little Place*, 805 S.W.2d 180, 182 (Mo. App.1990).

■ We affirm the denial of benefits in regard to employee's second claim because there was evidence to support the Commission's finding employee failed to prove a work-related accident and injury on July 6, 1990. Employee's neurosurgeon, Dr. Murphy, testified that the incident on July 6, 1990, might or could have caused the neck injury he diagnosed on July 12, 1990. However, on cross-examination he gave a medical opinion which tends to refute an accident ever occurred on July 6, 1990. Dr.

Murphy testified "when you herniate a disc in your neck, it gets your attention and makes you stop doing most everything." He testified a person who herniated a disc in their neck would stop working even if the herniation is not impinging on the nerve root. The opinion on causation was based on the history given by employee and the diagnosis but without reference to the fact employee worked the remainder of the day after the alleged accident. Employee testified the accident occurred at 11:30 a.m. on July 6. He completed work that day and sought medical attention at 2:30 a.m. on July 7. Employee's actions on July 6, after 11:30 a.m. were not consistent with Dr. Murphy's opinion of the actions of a person who had herniated a disc in the neck.

We defer to the Commission's determination of credibility given the conflicting testimony on the issues of accident and causation. Furthermore, we note there was evidence from which the Commission could find:

(1) Between January 6, and July 6, 1990, employee predicted a future worker's compensation claim against employer;

(2) A non-work related event in June 1990 may have caused the claimed injury; and

(3) Employee sought to file a July 6, 1990, claim only after employer refused to accept employee's attempt to file a January 10, 1990, claim on July 12, 1990.

This evidence, along with Dr. Murphy's testimony, supports the factual determination of the Commission. Our review of the record indicates the Commission's findings are supported by competent evidence and are not contrary to the overwhelming weight of the evidence.

■ Finally, employee contends the Commission erred when it refused to allow employee to give rebuttal testimony relating to the sequence of events of injury and a meeting with supervisor Tim Robertson which occurred on July 6, 1990, after the time employee claimed to have been injured. In his brief, employee asks us to order that the omitted testimony be taken by deposition in order to supplement the record on appeal pursuant to Rule 73.-01(c)(3). Employee's motion is denied.

On direct examination employee testified the accident occurred at 11:30 a.m. On cross-examination employee gave testimony regarding an oral job performance evaluation by Robertson. Robertson testified the evaluation took place after the lunch break, "around twelve-thirty, one o'clock we talked." Robertson testified he told employee that he was going to have to improve his work or be fired. Robertson stated employee did not mention the 11:30 a.m. accident or an injury. On rebuttal employee recalled a conversation with Robertson took place but denied it took place at the time Robertson remembered. Employer objected on the basis the subject could have been addressed on redirect during employee's original testimony and was not. The ALJ sustained the objection. The Commission affirmed the ALJ.

Employee argues the ALJ and Commission erred as a matter of law in denying employee the opportunity to develop details about the sequence of events in order to contradict Robertson's testimony in rebuttal. Employee argues the sequence of events of July 6, 1990, was a new matter introduced by employer's witness Robertson in its case. Employee testified fully on the primary fact issues of accident and causation on July 6, 1990, and his subsequent actions. He was allowed to testify on rebuttal that Robertson was mistaken about the time they spoke in a "job conversation." The court sustained objections to any further questions on subject. There was no offer of proof for our review. We can not know what employee may have said if allowed to continue. His further testimony may or may not have helped his cause and it may or may not have been responsive to the employer's evidence of a meeting after the claimed accident. In the absence of such offer there is nothing to review. *See Frank v. Envtl. Sanitation Management,* 687 S.W.2d 876, 883 (Mo. banc 1985).

We affirm.

SMITH, P.J., and AHRENS, J., concur.