**Mildred FRAZIER, surviving spouse of James F. Frazier, (deceased 6–20–90), Claimant,**

v.

**ST. MARY'S HONOR CENTER, Employer.**

No. 62811.

Missouri Court of Appeals, Eastern District, Division Seven.

April 20, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 18, 1993.

___

John J. Larsen, Jr., St. Louis, for claimant.

John P. Lichtenegger and Chris N. Weiss, Jackson, for Employer.

KAROHL, Chief Judge.

By this opinion we affirm denial of any workers' compensation benefits to Mildred Frazier, wife of James F. Frazier, employee. In 1985, employee filed a claim for benefits alleging "claimant suffers a nervous condition, depression, tension." He died from unrelated causes in July, 1990. His wife was substituted as employee's dependent.

Employer, St. Mary's Honor Center, hired employee in 1981 to work as a cook. He was discharged in August, 1985. Wife testified employee enjoyed his work as a cook and he took pride in his work. His cooking activities are not the source of the claimed mental problems.

Wife's theory is she is entitled to recover for employee's major depression traceable to job related stress because his work environment beginning in mid–1984 "became hostile, racially discriminatory, and dehumanizing." She contends numerous disciplinary proceedings were in fact harassment.

The Commission found the award of the Administrative Law Judge [ALJ] was supported by competent and substantial evidence. The ALJ found:

> Employer and insurer filed Form 1 wherein employee had alleged stress on the job resulting in nervous condition, depression and tension. In Exhibit A— patient was upset because a disciplinary hearing was to take place. Employee refused to attend groups because of his poor mind. Patient's blood sugar was difficult to control because of his noncompliance. Claimant alleges he was persecuted on the job. Employee stated he was written up for frivolous reasons. There was no evidence that death resulted from employee's work or was related to his work. I do not believe there is a medical causation between the alleged condition and any incident or trauma causing employee's condition. Claimant's condition at best is mental stress which may or may not be related to his job, and to find that it definitely is, in my opinion would be speculative. The job relatedness test requires that the performance of the usual and customary duties of an employee lead to a physical breakdown or change in pathology. *Ford Motor Co. v. Dickens*, 700 S.W.2d 484 (Mo. App.1985).

In support of the claim, wife offered the testimony of a licensed clinical psychologist, a board certified psychiatrist and extensive medical records principally generated at hospitals. This evidence, if believed, would support a finding that employee suffered from chronic major depression and explosive personality disorder. The health care experts agreed there was a definite causal relation between his illness and the stress incurred on the job. These opinions depended upon an assumption that employ-

ee's statements to wife and his medical care witnesses regarding the environment and work conditions were stressful because of discriminatory and harassing conditions created by employer. There was no evidence to support a finding by the Commission that the charges made by employee to the witnesses of improper conduct by employer were true. As a matter of fact, no effort was made to offer evidence to prove acts of discrimination or harassment. Employee died before the hearing and wife did not call any employees of employer.

We review the decision of the Commission as directed by § 287.495 RSMo 1986 and as described in our opinion of *Bauer v. Custom Trailer Repair Inc.*, 829 S.W.2d 104, 105 (Mo.App.1992) and *Tibbs v. Rowe Furniture Corp.*, 691 S.W.2d 410, 411 (Mo. App.1985). We also observe that this opinion will have limited precedential value because § 287.120 RSMo 1986 was amended effective August 28, 1992. The new statute requires an employee to prove that he sustained a mental injury or disability from unusual or extraordinary stress that is work related. Good faith activities of the employer in regard to discipline, work evaluation, transfers, lay-offs, demotions, termination or similar actions will no longer support a claim of mental disease or defect attributed to stress, assuming they would before the amendment, if proven. The new statute appears to require an employee to prove either intentional acts by the employer or the absence of good faith in actions of an employer to prevail under the theory relied on in the present case. Obviously, before and after the amendment, a claim based on harassment or discrimination depends on proof of these facts before medical opinions of causation are relevant and probative.

Wife argues the Commission erred as a matter of law by imposing a greater burden of proof than that required by *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 785 (Mo. banc 1983). Wife asserts the ALJ denied compensation because the condition was not related to a particular incident or trauma at work. The ALJ refers to the absence of proof of "any incident or trauma causing employee's condition." Proof of job related mental conditions need not include proof of a specific incident or traumatic event. *Rector v. City of Springfield*, 820 S.W.2d 639, 642 (Mo. App.1991). It is not clear from the opinion of the ALJ, adopted by the Commission, that the opinion was based only upon the belief that a specific incident or traumatic event was a prerequisite to recovery. Even if we assume the Commission found all causation evidence credible, it is insufficient to prove the claim. All causation evidence was premised on the existence of a hostile, discriminatory work place caused by employer's intentional acts. However, there was no proof of such acts or the existence of that work condition. In the absence of such proof, a finding of fact that the claimed depression was job related is unsupported. Under these circumstances we do not reach, and do not decide, whether an employer, prior to the amendment of § 287.120 RSMo Cum.Supp.1992, would be liable under the Workers' Compensation Act for stress related to the hostile environment for an employee who otherwise regularly performed work which was enjoyed and not stressful.

The burden of proof upon employee in a workers' compensation claim falls upon a claimant to prove the claim by "clear evidence." *Tibbs*, 691 S.W.2d at 413. The opinion of the ALJ, adopted by the Commission, does not necessarily ignore and extend this burden. Reference to absence of "definite" proof is joined with the legal conclusion that causation has not been proven beyond a level of speculation. Proof of causation was insufficient under the proper burden of proof where the causation testimony depended upon unsupported and assumed misconduct of employer.

For the reasons discussed, wife's claim the opinion of the Commission is unsupported and contrary to the manifest weight of the evidence must also fail.

We affirm.

CRANDALL, P.J., and PUDLOWSKI, J., concur.