Elwanda PULLUM, Claimant–Employee–Respondent,

v.

HUDSON FOODS, INC., Employer–Appellant.

No. 19068.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 18, 1994.

Joseph P. Fuchs, Sikeston, for employer-appellant.

Dale E. Gerecke, Finch, Bradshaw, Strom & Steele, Cape Girardeau, for claimant-employee-respondent.

PREWITT, Judge.

Employer appeals from an award allowing benefits under the Workers' Compensation Law. The Labor and Industrial Relations Commission determined that the employee's injury resulted from an "accident arising out

of and in the course of ... employment." See § 287.120.1, RSMo Supp.1993. Employer contends that the award was improper because the employee "was injured as a result of her instigation of horseplay ... contrary to the rules of her employer." [1]

■ The scope of our review is stated in Mo. Const. Art. V, § 18 and § 287.495, RSMo1986. From them and their predecessors certain well-established principles have developed. Appellate courts review workers' compensation cases in the light most favorable to the award of the Commission and uphold the decision of the Commission if it is supported by competent and substantial evidence. *Blissenbach v. General Motors Assembly Div.*, 650 S.W.2d 8, 11 (Mo.App.1983).

■ We disturb the Commission's award only when it is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence. *Bradshaw v. Brown Shoe Co.* 660 S.W.2d 390, 392 (Mo.App.1983). If the facts are not significantly in dispute, the question of whether the injury arose out of and in the course of employment is a matter of law. *Jordan v. St. Louis County Police Dept.*, 699 S.W.2d 124, 125 (Mo.App.1985); *Dillard v. City of St. Louis*, 685 S.W.2d 918, 922 (Mo.App.1984). *See also Ikerman v. Koch*, 580 S.W.2d 273, 278 (Mo. banc 1979). (When facts not in dispute the proper award is a matter of law.)

■ The Commission is charged with the responsibility of passing upon the credibility of witnesses, and it may disbelieve testimony of a witness though no contradictory or impeaching evidence is introduced. *Blissenbach*, supra, 650 S.W.2d at 11. A Commission's acceptance or rejection of part of a witness's testimony cannot be disturbed upon review, unless its acceptance or rejection is against the overwhelming weight of the evidence. *Id.*

There does not appear to be any dispute as to how the employee was injured. She worked at a processing plant in Dexter, Missouri. On September 17, 1991, she and two other employees were trimming chickens with poultry scissors. They were working around a box in which chickens were packed in ice. One of the employees, Rosemary Ibeck, picked up a piece of ice and threw it at the employee, striking her. The employee described what then occurred:

> So we was digging the chickens out of the box and I picked up a chicken and it had ice on it and so I got the ice, reached across arm's length to put a piece of ice on Betty Nations and as I did that she throwed her right hand up and as I reached across she throwed her right hand up because it scared her and her scissors went through my arm.

The scissors went through the employee's left arm, severing a nerve. The employee testified that she had worked with Ibeck and Nations for three years and they had never quarreled and were not mad at each other on this occasion. The employee said that they had put ice on each other "once in a while but we didn't make a habit of it." She also testified that:

> I have saw just about every worker down there throw fat, throw ice, throw anything they could like that, guts and I have even saw the bosses put ice on people. I have saw the Doc, which is the main one over the quality control put ice on people and spray each other with water hose. Even the foremens, the bosses.

The employee said that other employees had been warned about "horseplay" but not terminated for engaging in it. She testified that when she was terminated it was because "the book states that if anybody is doing horseplay and it causes an injury they would be fired." The employee testified that she knew that attempting to put ice on Nations was prohibited by company rules.

■ For an employer to be liable under the Workers' Compensation Law an employee's injuries must occur by accident "arising out of and in the course of" employment. § 287.120.1, RSMo Supp.1993. The terms "out of" and "in the course of" are separate tests which must be met for an injury to be

---

**1.** Although "horseplay" is not an accurate description of the prankish behavior it seeks to describe, it is used by the parties and in many cases. Horseplay at work reflects a lack of "horse sense", but for want of a better term, this opinion continues to use it.

compensable. *Davison v. Florsheim Shoe Co.*, 750 S.W.2d 481, 483 (Mo.App.1988); *Page v. Green*, 686 S.W.2d 528, 532 (Mo.App. 1985).

Case law has defined "arising out of" to mean the injury is a natural and reasonable incident of the employment; there must be a causal connection between the nature of the duties or conditions the employee is required to perform and the resulting injury. For the injury to be "in the course of" it must occur within the period of employment at a place where the employee may reasonably be, while the person is fulfilling the duties of employment or engaged in something incidental thereto. *Parrish v. Kansas City Security Service*, 682 S.W.2d 20, 26 (Mo.App.1984); *Davison, supra* 750 S.W.2d at 483.

Other cases have worded their analyses of these concepts slightly differently. "An injury 'arises out of' the employment if (1) the injury results from a natural and reasonable incident of the employment, a rational consequence of some hazard connected therewith or a risk reasonably inherent in the particular conditions of the employment and (2) if the injury is the result of a risk peculiar to the employment or enhanced thereby." *Dillard*, 685 S.W.2d at 921. "An injury 'arises in the course of' employment if it occurs within the period of employment at a place where the employee may reasonably be, while engaged in the furtherance of the employer's business or if he is injured in doing an act reasonably incidental to the performance of his duties, of which his employer might reasonably have knowledge or reasonably anticipate." *Id.*

Each case involving whether an accident arose out of and in the course of employment must be decided on its own facts and circumstances, by applying the relevant principles and not by reference to some formula, or by attempting to group compensation problems by fact categories. *Page*, 686 S.W.2d at 533.

The employer emphasizes that this is not a case where the employee was innocent and injured by another employee engaged in horseplay. The employee here, although the victim of a horseplay incident from another employee, was attempting to put ice on an employee not engaged in the initial incident. As the employee stresses, the ice and scissors resulting in the employee's injury were items used in the employer's business.

The employee and the Commission primarily relied upon *Peet v. Garner Oil Co.*, 492 S.W.2d 103 (Mo.App.1973). It discusses relevant authorities in Missouri and elsewhere. *Peet* states, at 107:

"[I]n the gradual evolution of this law, the better reasoned decisions now hold that if the injury is sustained in horseplay which has become an 'incident or risk of the employment', it is compensable even for the aggressor or voluntary participant."

The employer emphasizes that *Peet* involved horseplay between two 17–year old service station employees. Horseplay, however, can be caused by people of any age. Some may be mature enough at 17 or earlier to avoid it, but some never "grow up". As in *Peet*, there was evidence here that supervisors described as foremen or "bosses" knew of the horseplay. There was even evidence that some foremen engaged in it.

Most jurisdictions now allow recovery by a victim who did not participate in the horseplay which caused the injury. *Peet*, 492 S.W.2d at 107; *Woods v. Asplundh Tree Expert Co.*, 114 N.M. 162, 836 P.2d 81, 83 (App.1992), cert. denied, 113 N.M. 744, 832 P.2d 1223 (1992). Where the victim participated, courts have not reached consensus. Some deny recovery to any participant. *Woods*, 836 P.2d at 83, citing 1A Arthur Larson, *Workmen's Compensation Law*, § 23.30 (1990).

In other jurisdictions, a participant may recover if it is established that the activity in which the injury occurred had become a regular incident of employment. The latter is described as the "New York rule". *Woods*, 836 P.2d at 83. It was apparently followed in *Peet*. 492 S.W.2d at 107. Those cases conclude that horseplay is a risk incidental to employment and who is to blame has no relevancy in workers' compensation cases. *Woods*, 836 P.2d at 83. There is a trend

against the rule denying recovery solely on the basis of participation. *Id.* at 84.

■ There is little question but that the injury here arose out of the employee's employment. A causal connection between the employee's duties and the injury was shown. It would have been unusual for her to be working with a group, holding scissors, around a box containing ice except in her employment. *Larson* concludes in § 23.60 that horseplay is more of an "in the course of" problem than an "arising out of" question.

In a somewhat similar case, *Bare v. Wayne Poultry Co.*, 70 N.C.App. 88, 318 S.E.2d 534, 537 (App.1984), review denied, 312 N.C. 796, 325 S.E.2d 484 (1985), the court determined that an injury arose out of employment:

> Since plaintiff was injured on a chicken deboning processing line, by a chicken deboning knife in the hand of a fellow employee also working on the line, the causal connection between the employment and the injury could hardly be plainer, whether the company condoned the workers playing around with knives on the line or not. Being cut by a chicken deboning knife was not a hazard that plaintiff shared equally with the rest of the laboring force; nor was the injury that she sustained one that could have just as readily been sustained elsewhere, away from the job.

That a person's participation at horseplay which led to their injury "was both foolish and negligent is beside the point ... since fault is not a factor under the Workers' Compensation Act". *Bare,* 318 S.E.2d at 537–538.

The evidence also established that the injury occurred in the course of her employment. She was fulfilling the duties of her employment when the horseplay started. She deviated from her duties by conduct which her employer knew had been occurring and which the employer could reasonably anticipate. Such horseplay has frequently been determined not to be a substantial deviation from the course of employment. *See Woods,* 836 P.2d at 86.

Under the circumstances here present, the Commission properly awarded compensation. That award is affirmed.

FLANIGAN, P.J., and GARRISON, J., concur.