Harry SIMMONS, Claimant–Appellant,

v.

**BOB MEARS WHOLESALE FLORIST, Employer– Respondent,**

and

**Florist Mutual Insurance Company, Insurer–Respondent.**

No. 26673.

Missouri Court of Appeals, Southern District, Division One.

July 12, 2005.

---

Patricia A. Keck, Keck & Carter, L.L.C., Springfield, MO, for appellant.

Patrick J. Platter and Jeffrey C. Goodnight, Neale & Newman, L.L.P., Springfield, MO, for respondent.

JAMES K. PREWITT, Judge.

This is an appeal from the Labor and Industrial Relations Commission ("Commission"). Harry Simmons ("Appellant") sought worker's compensation benefits for injuries he suffered while employed at Bob Mears Wholesale Florist ("Employer"). Employer and its insurer, Florist Mutual Insurance Company ("Insurer"), contend that Appellant's injuries did not arise from his employment. The Division of Workers' Compensation ("Division"), through an Administrative Law Judge ("ALJ"), awarded compensation to Appellant. The award was reversed by the Commission.

Appellant was employed by Employer five years prior to the accident. Appellant handled Employer's sales accounts in Arkansas and Missouri. Appellant testified that on August 20, 1993, he drove to Mountain Home, Arkansas in Employer's vehicle. After visiting customers in Mountain Home, Appellant stopped at a liquor store and picked up a half-pint of Jack Daniels whiskey before leaving at 1:30 p.m. that afternoon. Appellant testified that he drove toward Forsyth, Missouri, where he had customers. En route, Appellant stopped at a pull-off on Highway 125 to drink the whiskey. This detour lasted thirty minutes. Appellant recalls leaving the pull-off area but did not remember anything after driving back onto the highway. At 3:25 p.m., Appellant's vehicle left Highway 76, tore down seventy-five feet of fencing, struck a tree, and caught on fire. The Missouri Highway Patrol Accident Report ("Accident Report") indicated that Appellant was asleep at the time of the accident, and a physician determined that Appellant suffered from "alcohol intoxication" when he was admitted to St. John's Hospital in Springfield, Missouri for treatment of his injuries.

Appellant sustained a broken pelvis, broken fibula, burns and cuts over his legs, nerve damage to his elbow, concussion, broken nose, and injuries to his left shoulder. Appellant filed a Claim for Compensation on October 20, 1993. Employer and Insurer denied that the accident occurred within the scope of Appellant's employment, contended that Employer was not responsible for expenses and disability payments, and disputed the nature and extent of injuries. On December 8, 2003, an ALJ found Appellant was within the scope of employment at the time of the accident and that his injuries arose out of and in the course of employment. The ALJ found that "alcohol was not the proximate cause of the accident" and rated Appellant's disability at "15% permanent partial disability to the body as a whole, less the 15% penalty." [1]

Employer and Insurer then filed an application for review with the Commission, requesting a reversal of the benefits awarded to Appellant. The Commission concluded that the accident did not arise out of the course of employment, that Appellant "was on an alcohol related frolic, in violation of [Employer] policy, ... left the course of employment and had not returned ... when the accident occurred." The Commission reversed the ALJ's decision on November 2, 2004. In its decision, the Commission found:

> Employee would not have been on that particular highway except for the fact that he knew that there was less traffic and a recreational area where he would not get caught drinking his alcohol. He deviated from Employer's business and

---

1. The reduction of fifteen percent was under § 287.120.6(1) "for an injury ... sustained in conjunction with the use of alcohol."

was serving only his own purpose at the time of the accident.

\* \* \* \*

Because he was drinking alcohol and was unfamiliar with the highway, which admittedly was not a driver-friendly highway, he wrecked. Had he not deviated from his work to go hide and drink he would not have been on that particular highway and more than likely would not have been involved in the accident.

\* \* \* \*

Employee was on an alcohol related frolic, which was entirely personal. He was in violation of Employer's policy. He was not in a location that he would travel to return to the warehouse in Springfield nor was he headed in the correct direction to continue to Forsyth. He left the course of his employment and had not returned to the course of his employment when the accident occurred. No benefits are awarded.

 Appellant filed Notice of Appeal to this Court on November 19, 2004. In his first point, Appellant contends the Commission erred in not awarding benefits, because he was in the course of his employment when the injury arose. Upon review of the Commission's award, this court examines "the evidence in the context of the whole record" to determine whether "sufficient competent and substantial evidence" supports the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo.banc 2003). We defer to the Commission on issues of credibility of the witnesses. *Lane v. G & M Statuary, Inc.*, 156 S.W.3d 498, 506 (Mo. App.2005). Claimant has the burden of showing that the accident arose out of and in the course of employment. *Kerns v. Midwest Conveyor*, 126 S.W.3d 445, 453 (Mo.App.2004).

 "Arising out of" and "in the course of" employment are two separate tests, and both must be met before an employee is entitled to compensation. *Abel by and through Abel v. Mike Russell's Standard Service*, 924 S.W.2d 502, 503 (Mo.banc 1996). To meet the test of an injury "arising out of" the employment, the injury must be a natural and reasonable incident of the employment, and there must be a causal connection between the nature of the duties or conditions under which employee is required to perform and the resulting injury. *Pullum v. Hudson Foods, Inc.*, 871 S.W.2d 94, 97 (Mo.App. 1994), *overruled on other grounds by Hampton*, 121 S.W.3d at 228. To arise out of the employment, the injury must be incidental to and not independent of the employment relationship. *Drewes v. Trans World Airlines, Inc.*, 984 S.W.2d 512, 514 (Mo.banc 1999).

 An injury is "in the course of" the employment when it occurs within the period of employment at a location where employee would reasonably be while engaged in fulfilling the duties of employment or something incidental thereto. *Pullum*, 871 S.W.2d at 97. "In the course of employment" refers to the time, place and circumstances of an employee's injury. *Johnson v. Evans & Dixon*, 861 S.W.2d 633, 635 (Mo.App.1993), *overruled on other grounds by Hampton*, 121 S.W.3d at 229. Each case must be decided on its own facts and circumstances. *Pullum*, 871 S.W.2d at 97.

 In response to cross-examination, Appellant agreed that his work day on August 20, 1993, ended at one o'clock p.m. He said it was "vaguely possible" that his trip to Forsyth was to "goof off." Appellant admitted he never took Highway 76 as a part of his regular route to Forsyth. Appellant agreed it would be inappropriate

to "call upon a retailer" with alcohol on his breath.

Injuries have been held to be compensable "where an employee's acts were reasonably incidental to commencement of employee's work and were also for the benefit of the employer." *Bybee v. Ozark Airlines*, 706 S.W.2d 570, 572 (Mo.App. 1986). Based upon the evidence on the record, the Commission was justified in finding that Appellants actions were a personal "frolic" with no benefit to Employer and outside the course of employment.

Since it has been determined that the Commission had evidence sufficient to find that the accident occurred outside the course of employment, there is no need to discuss Appellants second point regarding the Commissions determination that alcohol was the proximate cause of the accident, if it did so find, or the possible effect of 287.120.6, RSMo 2000.[2]

The award denying compensation is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.

---

**2.** Section 287.120.6, RSMo 2000, covers reduction or denial of worker's compensation where accidents involve alcohol and non-prescribed, controlled drugs.