**Donald A. KRAMER, Appellant,**

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSION, et al., Respondents.**

No. 57794.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 25, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Oct. 24, 1990.

Application to Transfer Denied
Dec. 18, 1990.

---

W.W. Sleater, Kirkwood, for appellant.

Robert Frayne, St. Louis, for respondents.

KAROHL, Judge.

This is a workers' compensation claim. Claimant, Donald Kramer, appeals an order of the circuit court affirming the decision of the Labor & Industrial Relations Commission (Commission) denying claimant's motion to reopen his claim. Employee also appeals the circuit court's failure to grant interest on the compensation award as the payments accrued and on the medical charges from the dates they were incurred.

The work related injury occurred on April 2, 1979. On March 7, 1985, Kramer was awarded compensation based on a permanent partial disability of 35% of the body as a whole, referable to the lower back. On March 26, 1985, employee filed a motion to change the award due to a change of condition. In the motion, Kramer alleged, "Following the hearing in February, 1985, claimant has been subject to excruciating back and leg pain requiring him to take Percodan and other pain killers regularly since that date." The Commission remanded the case to the Division of Workmen's Compensation for a hearing on the alleged change of condition. After the hearing on August 2, 1988, the Commission issued an order denying the motion for change of award.

On appeal in a workers' compensation case, we review the whole record and inferences drawn in the light most favorable to the award of the Commission. We uphold the decision of the Commission if it is supported by competent and substantial evidence. *Tillman v. Wedge Mobile Serv. Station*, 565 S.W.2d 653, 657 (Mo.App. 1978).

In his first point on appeal, claimant contends the Commission erred in denying his motion to reopen the case on the basis of change of condition. Kramer argues his condition deteriorated between the time of trial in February 1985 and March 26, 1985. Claimant relied upon the medical reports of Drs. Ford and Sulton at the compensation hearing and Dr. Jack Collins at the hearing on the motion to reopen.

Dr. Ford testified by deposition he first saw claimant on July 6, 1981. Claimant "was having pain in his back, as well as numbness and tingling in his legs and feet and some burning in his left thigh." Dr. Ford diagnosed claimant as having a rupture of two discs. In September 1981 Dr. Ford referred claimant to a physician in

Canada to receive chymopapain injections. Claimant experienced "good relief of the pain in both legs after the injection and did not have spasms in his back." Between September 1981 and February 1982, claimant "was having one good day then three bad days."

In March and April 1982, a number of tests were performed by Dr. Ford. He again concluded claimant suffered back and left leg pain from two ruptured discs. Claimant was sent to Canada for additional chymopapain injections. In June 1982 claimant "had lost all of his leg pain but still had some pain and stiffness in his back." Between June 1982 and November 1982, claimant reported reoccurring pain necessitating the need for pain medication. He was administered an anti-inflammatory drug with an improvement in symptoms. On January 21, 1983, claimant stopped taking the anti-inflammatory drug and was still experiencing "bad times with some back pain." Dr. Ford advised claimant to "live with the symptoms...."

Dr. Ford testified to a pattern of exacerbation and remission. Claimant used pain medication from 1981 until January 1983 when Dr. Ford stated claimant should learn to live with the painful symptoms. September 7, 1983, was the last time claimant was seen by Dr. Ford. Claimant "had an accute [sic] spell of some low back pain with some muscle spasm, and some pain in his back and right buttock area." Dr. Ford recommended walking, swimming and sit-ups and gave claimant a prescription for pain medication.

At the hearing on the motion to reopen the claim, claimant relied upon the report of Dr. Jack Collins. Dr. Collins treated claimant from May 5, 1985, to April 23, 1986. On December 9, 1985, Dr. Collins described Kramer's injury as follows:

> I have seen the patient on six occasions with the working diagnosis of left sciatica, post-chemonucleolysis pain and possible ruptured disc at L4–L5. He responds to therapy but has good days and bad days. He has a chronic problem and I would say it varies from 30% to 100% disability according to pain level on any

given day. He certainly should not lift any heavy objects. The treatments consisted of five epidural injections of Methylprednisolone and one pressure caudal over a six month period.

Both Dr. Ford and Dr. Collins recommended claimant do exercises, walk and take anti-inflammatory drugs. In comparing the two records it appears no change of condition exists. The claimant has consistently complained of back spasms and leg pain and has a history of taking prescription pain medication. Claimant makes no reference in his motion to reopen of evidence not available at the first hearing. The evidence presented at the second hearing was cumulative of evidence already before the Commission in the first hearing.

"In order to obtain an increased award upon the grounds of change of condition, the employee must show that since the original award his condition has become substantially worse." *Blissenbach v. General Motors Assembly Div.*, 650 S.W.2d 8, 11 (Mo.App.1983). "A continued incapacity of the same kind and character from the same injury is not a change of condition within the meaning of the statute, and the statute is not intended as a means of correcting an erroneous original award." *Id.*

Claimant has not shown the existence of any new symptoms not known at the original hearing. Nor has his condition become substantially worse. At the hearing for alleged change of condition held only nineteen days after the award was issued, claimant admitted on cross-examination his condition was nothing new.

Q. As I understand the overall tenor of your testimony, Mr. Kramer, you said this is nothing new, you've had this all along; is that correct?

A. Yes. That's how it all started.

Q. When you say "it all started." you're talking about before you had the injections in your back up in Canada?

A. Yes.

Q. So, it all goes back to that time?

A. Yeah, that's never changed. You've got a backache all the time, it hurts 24

hours a day, 7 days a week; and all of a sudden, something will happen, it will wake you up, you turn wrong in bed and it's in spasm, and you're about to tear your hair. That's been going on since 1979.

Claimant presented no evidence of a changed condition. His own testimony shows excruciating back and leg pain was persistent since 1979. The Commission's denial of the motion to reopen was supported by competent and substantial evidence in concluding claimant's back and leg pain had not substantially worsened.

■ In his second point on appeal claimant alleges the circuit court failed to provide for interest on the permanent partial disability compensation award from the time of injury and interest on medical bills from the date they were incurred.

The first question is whether claimant is entitled to interest from April 3, 1979, the day following the accident, or from August 2, 1988, the day the award was granted by the Commission.

Statutory authority for the payment of interest on unpaid worker's compensation is found in § 287.160.2 RSMo 1986.[1] This section reads:

> 2. Compensation shall be payable as the wages were paid prior to the injury, but in any event at least once every two weeks. Each installment shall bear interest at the rate of eight per cent per annum from the date *when due* until paid. (Our emphasis).

Determining interest on amounts "when due" was recently addressed by the Missouri Supreme Court in *Martin v. Mid-America Farm Lines, Inc.*, 769 S.W.2d 105 (Mo. banc 1989). In *Martin* the claimant was successful in proving her claims for temporary total and permanent partial disability compensation and medical expenses.

The Supreme Court applied § 287.160.2 and held interest accrued on compensation from the time it should have been paid.

The policy behind this rule is to make the employee whole. The Supreme Court stated:

> It makes no difference that the amount of compensation may be in dispute. If the carrier, or self-insured employer, has the use of money which was properly payable to the claimant it is properly chargeable for the value of that use.

*Id.* at 112.

In the instant case the administrative law judge determined claimant was entitled to compensation for a healing period and for permanent partial disability from the time of the injury, April 2, 1979. The Commission and the circuit court affirmed the award but only calculated interest from August 2, 1988, the date of the award. Whether claimant is entitled to interest at an earlier date is answered by § 287.160.1 RSMo 1986. In cases of permanent total and permanent partial disabilities, payment is due at the start of the disability. Thus, payment should have begun when the disability began, *Hall v. Wagner Div.–McGraw–Edison*, 782 S.W.2d 441, 444 (Mo. App.1989) and interest is owed on payments not made.

■ As to the interest on the medical bills paid by claimant, the administrative law judge and the Commission awarded medical expenses in the amount of $8,550.90. The circuit court awarded interest "at the rate of 8% per annum on the sum of $8,407.90 from and after January 23, 1983 until the time payment is made." No explanation is given for the change in the amount of the award. The insurer paid the sum of $8,407.90 plus two months interest. Under the holding in *Martin,* we find claimant was entitled to interest on all medical bills he paid from the date of his payments.

We affirm the order denying leave to reopen the claim. We reverse and remand to the Commission to modify the award so as to include interest on the disability

1. A revised Section 287.160 became effective August 28, 1990.

awards and on medical in accord with this opinion.

PUDLOWSKI, P.J., and GRIMM, J., concur.