**Francis CROFFOOT, Appellant,**

v.

**MAX GERMAN, INC., Respondent.**

No. 63063.

Missouri Court of Appeals,
Eastern District,
Division One.

June 1, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 29, 1993.

Application to Transfer Denied Aug. 17, 1993.

Harry J. Nichols, St. Louis, for appellant.

Colleen J. Vetter, Harry Stockman, St. Louis, for respondent.

CRIST, Judge.

Francis Croffoot (Claimant) appeals the award of the Labor and Industrial Relations Commission (Commission). The Commission modified the administrative law judge's (ALJ's) award by limiting interest awarded to that which accrued from the time of the award. Claimant appeals asserting § 287.160.3, RSMo (Supp.1992), which limits interest on a workers' compensation award, should not be applied retrospectively. We affirm.

Claimant sought damages for injuries sustained on May 18, 1987, in the course of her employment with Max German, Inc., Employer. On April 28, 1992, the administrative law judge (ALJ) awarded compensation for permanent partial disability, "payments to begin July 11, 1988, with interest as provided by law." On appeal, the Commission limited the interest awarded to that accruing from the date of the award. It relied on the 1990 amendment to § 287.160 which directed that "in cases where the amount of compensation due is disputed, past due amounts shall bear interest from no earlier than the date of the administrative law judge's award." *Johnson v. St. John's Mercy Med. Center*, 812 S.W.2d 845, 852[8] (Mo.App.1991); § 287.160.3 RSMo (Supp.1992).

Prior to the amendment of § 287.160, the workers' compensation scheme provided for the payment of interest from the date the benefits were owed, beginning from the date of the injury. *Martin v. Mid–America Farm Lines, Inc.*, 769 S.W.2d 105, 112[8] (Mo.banc 1989). This interpretation of § 287.160.2, RSMo (1986), contravened the general principle "that a judgment debtor is not liable for interest when the

debtor does not know the amount due and therefore is not in a position to make payment." *Id.*

Claimant asserts the amendment to § 287.160 impairs a vested right, and, thus, retroactive application violates Article I, Section 13 of the Missouri Constitution. Article I, Section 13 prohibits retroactive laws which take away or impair vested rights acquired under existing laws or create a new duty, or attach a new disability in respect to transactions or considerations already past. *Elliot v. Kesler,* 799 S.W.2d 97, 102[4] (Mo.App.1990); *State v. Jensen,* 363 S.W.2d 666, 668 (Mo.banc 1963).

 A statute which affects only the procedure or remedy, however, will be applied retrospectively unless the legislature expressly states otherwise. *Wilkes v. Missouri Highway and Transp. Comm'n,* 762 S.W.2d 27, 28[1] (Mo.App.1988). Further, merely to label certain consequences as substantive and others as procedural is not sufficient; notions of justice and fair play in a particular case are always germane. *State ex rel. St. Louis–San Francisco Ry. Co. v. Buder,* 515 S.W.2d 409, 411[4] (Mo. banc 1974).

Prejudgment interest is a measure of damages for failure to pay money when payment is due. *See Martin,* 769 S.W.2d at 112[8]; *Solter v. P.M. Place Stores Co., Inc.,* 748 S.W.2d 919, 922[4] (Mo.App.1988). Thus, Section 287.160.3 does not define or regulate a claimant's right to compensation for injuries, but affects only the measure of damages in the enforcement of that right. *See Wilkes,* 762 S.W.2d at 28[1].

A vested right must be "more than a mere expectation based upon an anticipated continuance of the existing law." *Fisher v. Reorganized School Dist., Etc.,* 567 S.W.2d 647, 649[3] (Mo.banc 1978). The amendment to § 287.160 limiting interest recoverable basically reinstates the general prohibition against interest on unliquidated damages which had been nullified in workers' compensation cases only by legislative fiat. *See Martin,* 769 S.W.2d at 112[8]; *compare Utilicorp United v. Director of Revenue,* 785 S.W.2d 277, 278[1] (Mo.banc 1990) (held: legislative provision for interest is substantive where interest would be prohibited in the absence of legislation). Retroactive application of the statute does not offend notions of justice and fair play. *Compare Buder,* 515 S.W.2d 409, 411[4] (Mo.banc 1974) (held: removal of monetary damages ceiling in a wrongful death statute would not be applied retroactively since the damages ceiling was enacted to protect defendants during its operation). Thus, since the amendment is remedial, the Commission correctly applied it retroactively. *Accord, Standard Oil Co. of California et al. v. United States,* 107 F.2d 402, 418[40] (9th Cir.1940); *See* 40 A.L.R.4th, § 7A.

The judgment of the Commission is affirmed.

AHRENS, P.J., and REINHARD, J., concur.