Donald KRAMER, Petitioner/Appellant,

v.

BILL'S MARINE, LTD. and Fireman's Fund Insurance Company, Respondents/Respondents.

No. 66853.

Missouri Court of Appeals, Eastern District, Division One.

May 2, 1995.

W.W. Sleater, Kirkwood, for appellant.

William E. Paasch, Kleinschmidt, Przybek & Frayne, St. Louis, for respondents.

REINHARD, Presiding Judge.

Employee appeals from an order of the circuit court sustaining the decision of the Labor and Industrial Relations Commission (Commission) denying his second motion to change its award due to a change of employee's condition. We reverse and remand.

On February 20, 1980, employee filed a claim for compensation due to a work related injury to his back occurring on April 2, 1979. His claim described the nature of his injury as "[h]erniated or ruptured disc, traumatic arthritis of the back." A hearing was held before an administrative law judge (ALJ). The parties stipulated that employee was suffering from a 35% permanent partial disability but litigated other issues. On March 7, 1985, the ALJ ordered an award to employee for a 35% permanent partial disability to his low back. Employer was ordered to pay $361.43 for three and one-half weeks of temporary total disability and $90 per week for one-hundred-forty weeks for the permanent partial disability. Employer was further ordered to pay $8,550.90 in medical expenses or incidence to medical care incurred by employee. The order made no provisions for future medical expenses related to employee's injury.

Employer applied for a review of the ALJ's award with the Commission pursuant to § 287.480, RSMo 1994,[1] on March 18, 1985. On March 26th, employee filed a motion to re-open his claim due to a change in his condition. In this motion, he alleged that, since the hearing, he "has been subject to excruciating back and leg pain requiring him to take Percodan and other pain killers regularly...." A hearing was held on the employee's motion. The Commission concluded that employee was not suffering from a change in his condition and denied his motion.[2] On the review of the ALJ's award requested by employer, the Commission affirmed and adopted the ALJ's findings and conclusions.[3]

Employee appealed the Commission's award and rulings to the circuit court which upheld the Commission. Employee further appealed, and the case was brought before us. *Kramer v. Labor & Indus. Rel. Com'n*, 799 S.W.2d 142 (Mo.App.1990). We held that the Commission's denial of employee's motion to re-open was supported by substantial and competent evidence. *Id.* at 145. We found that employee had "not shown the existence of any new symptoms not known at the original hearing. Nor [had] his condition become substantially worse.... [Employee] presented no evidence of a changed condition." *Id.* at 144–45. However, we remanded the case to the Commission to modify the award to include interest on the disability awards and medical compensation. *Id.* at 145–46. In accordance with our decision, the Commission issued a modified award on July 31, 1991.

On February 25, 1992, employee filed a second motion pursuant to § 287.470 to re-

---

1. All further statutory citations are RSMo 1994 unless otherwise noted.

2. One member of the Commission dissented. He wrote:

> The purpose of Workers' Compensation Law is to provide a means of insuring that an employee who is injured in the futherance [sic] of his or her employment will receive compensation for and sufficient treatment of those injuries he or she sustained. Clearly, in the

> instant case the employee has not received adequate treatment to cure or relieve him of the injuries he sustained at work. The employer has the obligation of providing sufficient medical treatment to the employee in order to relieve him of the effects of his injury. In this case, the employer has failed to fulfill his obligation.

3. Again, one member of the Commission dissented, primarily for the reason quoted in n. 1, *supra*.

open his claim due to a change of conditions. This motion contained two counts. Count I reads, *inter alia:*

3. Since October, 1991, the employee has been subject to a new and different type of pain that is much more severe, described as in the nature of an electric shock or severe heat pains. He has been told by his doctor that calcium deposits and spurring have narrowed the spinal passages causing traumatic arthritis. His doctor has recommended a CAT Scan, myelogram, x-rays and other tests to confirm this diagnosis, and as a guide to what further medical attention is indicated.

4. These procedures involve considerable expense. The right to medical aid is a component of the compensation due an injured worker under Section 287.140.1, R.S.Mo. The statute entitles the worker to a regimen of medical treatment that may be required to cure and relieve from the effects of the injury to restore the body to the optimum physical soundness. The employee is entitled to treatment which gives comfort (relieves) even though restoration to soundness (cure) is beyond avail. Employee's present condition has a causal flow between the original compensable injury and his present condition.

In Count II, he alleged "[t]he employer and insurer have failed and refused to pay compensation or to provide medical attention to the injured employee." He claimed this failure caused him injury. Therefore, since payment was required to comply with the statutes of this state, employee sought to have his award increased by the 15% penalty provided in § 287.120.4.[4]

The Commission denied employee's second motion without an evidentiary hearing. The Commission did set forth the reasons for its decision in an order. The Commission noted the following testimony of employee given at the hearing conducted for the first motion to re-open:

Yeah, that's never changed. You've got a backache all the time, it hurts 24 hours a day, 7 days a week; and all of a sudden, something will happen, it will wake you up, you turn wrong in bed and it's in spasm,

and you're about to tear your hair. That's been going on since 1979.

The Commission concluded that employee's second motion alleged a condition of the same character as the injury compensated for in its initial order, i.e. "the employee has had continuous and severe back pain since 1979." Thus, the Commission found no changed condition. Count II was denied without discussion. This decision was affirmed in the circuit court.

■■■ On appeal in a workmen's compensation case, we review the whole record, including legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission. *Blissenbach v. General Motors Assembly Div.,* 650 S.W.2d 8, 11 (Mo.App.1983). This court may modify, reverse, remand for rehearing or set aside an award or decision of the Commission only if the Commission's actions were unauthorized by law or in excess of its authority, fraudulent, unsupported by the facts as found by the Commission, or unsupported by competent evidence. *Ludwinski v. National Courier,* 873 S.W.2d 890, 891–92 (Mo.App.E.D. 1994); § 287.495.

■■■ We shall initially address employee's appeal concerning the denial of Count II of his motion to re-open. Section 287.120.4 provides for a fifteen-percent penalty "[w]here the injury is caused by the failure of the employer to comply with any statute in this state or any lawful order of the division or the commission, . . . ." § 287.120.4. Employee has asked that this penalty be assessed to his original award. However, the employee did not raise this issue in his appeal of the original award, and this award has now become final. *See Winschel v. Stix, Baer & Fuller Dry Goods Co.,* 77 S.W.2d 488, 491 (Mo.App.1934). Allegations pursuant to this section or complaints of a failure to properly assess this penalty cannot be brought under a § 287.460 change of condition motion. Denial of Count II was proper.

Employee also appeals the denial of Count I. He argues, *inter alia,* the Commission acted without or in excess of its powers and

4. Employee has repeatedly mis-cited this section   as § 287.110.4.

denied him his rights to due process by not holding an evidentiary hearing and that the denial was not supported by sufficient, competent and substantial evidence.

Section 287.470 provides, in pertinent part:

Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the commission may at any time upon a rehearing after due notice to the parties interested review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter,. . . .

Neither party has cited a case wherein the Commission's decision not to hold a hearing on a motion to re-open has been reviewed. Employer suggests applying simple principles of statutory construction. The statute uses the permissive term "may" to describe the manner the Commission may act; therefore, employer argues, a hearing on such a motion is not mandatory upon the Commission. In further support of this argument, employer cites several cases reviewing the Commission's right to receive or deny additional evidence under a § 287.480 review of an ALJ's award.[5] These cases hold that "the receipt of additional evidence rests initially in the sound discretion of the commission and the exercise of such discretion will not be disturbed on appeal unless it is shown to be arbitrary or unreasonable." *Cagle v. Regal Plastics Company,* 522 S.W.2d 7, 11–12 (Mo. App.1975); *see, also, Hatter v. Cleaning Service Co.,* 814 S.W.2d 951, 956 (Mo.App.1991); *Ross v. Safeway Stores, Inc.,* 738 S.W.2d 611, 617 (Mo.App.1987).

Clearly, the power of the Commission to dismiss a motion to re-open is not a "raw, unbridled power." *Cade v. Bendix Corp.,* 564 S.W.2d 608, 610 (Mo.App.1978) (speaking of the power to dismiss a workmen's compensation claim). "Like comparable . . . powers possessed by both judicial and quasi-judicial

bodies, it is subject to judicial review to ferret out and remedy arbitrary or capricious dismissals which smack of abuses of discretion." *Id.* An abuse of discretion occurs when the Commission acts without sufficient competent evidence in the record to warrant that action, and we are empowered to reverse that action within our scope of review. *Ross,* 738 S.W.2d at 616–17; *see* § 287.495.1.

■ Section 287.470 invests the Commission with continuing jurisdiction over a case so that the award may be altered to reflect an unanticipated change in the employee's condition. In describing the similar former version of this section (Mo.St.Ann. § 3342, p. 8273), we stated:

But though the commission is invested with such a continuing jurisdiction over a case once brought before it, it is nevertheless to be borne in mind that its final award, when once made, partakes of the nature of a judgment, so that, when the claimant, dissatisfied therewith, neglects to avail himself of the right of appeal provided for by the Compensation Act (Mo.St. Ann. § 3342, p. 8275), or when, upon an appeal, the award is affirmed, it becomes final and conclusive as to all matters adjudicated thereby, and the issues covered by the award may not thereafter be relitigated between the parties under the guise of a proceeding for a review of the award upon the ground of a change in condition. Consequently, since the purpose of the statute is not to afford a method of correcting errors made in computing the amount or period of the original award, it is obvious that a continued incapacity of the same kind and character and for the same injury for which an award has been made is not a change in condition warranting a modification of the award; but, to the contrary, *to obtain an award upon the ground of a change in condition, the injured employee must show that since the time of the rendition of the original award his condition has become substantially worse, and not that it has in fact always*

---

*advisable, as soon as practicable hear the parties at issue, their representatives and witnesses* and shall make an award and file it in like manner as specified in section 287.470. (Emphasis added).

*been worse than the commission happened to have found it to be.* (Emphasis added). *Winschel,* 77 S.W.2d at 491; *see, also, Blissenbach,* 650 S.W.2d at 10–11 ("A continued incapacity of the same kind and character from the same injury is not a change of condition within the meaning of the statute, .... The employee must show that, since the original award, some element of disability or some symptom not contemplated at the original hearing has made his condition grow gradually worse or has caused him to suffer something in the nature of a relapse."); *State v. Haid,* 332 Mo. 1061, 61 S.W.2d 950, 954 (1933); *Hassell v. C.J. Reineke Lumber Co.,* 54 S.W.2d 758, 760 (Mo. App.1932).

The Commission relied on its findings in the original award and testimony from the first motion hearing to make its determination to deny. Reliance on such evidence in the record is appropriate and, in fact, would seem to be necessary for the Commission to determine whether the condition alleged by a movant is indeed a changed condition or a condition of the same character litigated and compensated in the original award. It follows that the existing record may contain sufficient evidence to support a determination that the allegations contained in a § 287.470 motion do not comprise a "change of condition" warranting re-opening an award. If, for example, an employee asserts, as a change of condition, that her left hand had developed a painful complication where the findings in the original award included she had permanently lost her left arm and hand in the injury, then the evidence in the existing record would support a denial. The issue before us, therefore, is whether the evidence contained in the existing record supported the denial of employee's motion to re-open.

Employee alleged that, since the denial of his first motion to re-open, he had experienced a change of condition to his back. He claimed the symptoms of this changed condition were "a new and different type of pain that is much more severe." He described this "new and different type of pain" as an "electric shock" or "severe heat". He even proffered a medical explanation of the alleged changed condition: "calcium deposits and spurring have narrowed the spinal passages causing traumatic arthritis." The Commission concluded that these allegations did not comprise a change of condition. This conclusion was based on evidence received prior to the time the alleged changed condition occurred and which indicated he had experienced continuous and severe back pain since the time of the accident.

Merely because an employee has been compensated for an injury causing pain to the back does not preclude the possibility of a changed condition symptomatic with back pain. A changed condition warranting re-opening an award must be causally related to the employee's work-related injury. Likely, the changed condition will be an unanticipated complication or worsening of the injured area compensated for in an original award and this changed condition may share some similar symptoms to the compensated injury. In *Gavan v. H.D. Tousley Company,* 395 S.W.2d 266 (Mo.App.1965), the Commission granted the employee an award finding a 5% permanent partial disability of his body as a whole, referable to his left sacroiliac region. *Id.* at 267. The evidence in this original award was that the employee felt "severe pain in the low back towards the left leg at the time of the accident ... [and] had pain in the left hip, buttock, and groin ... tenderness over the left sacroiliac joint, and mid-left buttock area." *Id.* The employee was diagnosed as having a strain of the left sacroiliac with a possible tearing of ligaments. *Id.* Subsequent to this award, the employee suffered increased pain in his back in "the same area that had previously bothered him.... The pain was in the same area, but it increased in severity." *Id.* The employee was diagnosed as suffering from a herniated disc. We affirmed the circuit court's reversal of the Commission's denial of the employee's motion to re-open for the reason there was not sufficient and competent evidence in the record to warrant the denial. *Id.* at 270. *See, also, Winschel,* 77 S.W.2d at 492 (persistent and more severe pain to lower back found to be a changed condition to a compensated low back injury); *Hassell,* 54 S.W.2d at 760 (in dicta, held an employee, whose original award was for a back injury, presented enough evidence to support a change of condition for a trauma-induced, hypertrophic arthritis of the spine).

Here, employee has alleged a severe condition that is "new and different." He distinguished the type of pain ("electric shock"/"severe heat") received under this alleged condition from that of his compensated condition. The existing record contains no evidence that employee had suffered from an "electric shock" or "heat" pain. Though these symptoms were similar in location to the symptoms in the original award and the first motion to re-open, these symptoms are described as being of a different character. Furthermore, the medical evidence contained in the record mostly implicated herniated or burst discs as the cause of employee's compensated injury. The alleged changed condition was described as traumatic arthritis from calcium deposits and spurring not contemplated in any of the previous proceedings.[6] The evidence in the record does not support the Commission's conclusion that the alleged change of condition was an injury of the same kind and character as the injury originally compensated for. It was an abuse of discretion to deny employee's motion on this basis.

The order of the Commission of May 4, 1992, denying employee's second motion to re-open is reversed and the motion is remanded to the Commission for further proceedings. In doing so, we are not expressing an opinion as to whether employee is suffering from a change of condition. We are merely holding that the Commission abused its discretion in dismissing the motion under the evidence contained in the record. It remains employee's burden to prove that his condition has, in fact, changed and that the condition is associated with his original, work-related injury. The determination to re-open for a change of condition remains with the Commission.

We reverse and remand.

GARY M. GAERTNER and CRAHAN, JJ., concur.

---

**6.** We note that employee's original claim for compensation alleged an arthritic back injury. However, the evidence centered around employee's herniated/burst disc injury. No mention was made of calcium deposits or spurring.