**Bruce REECE (Deceased), c/o Gloria Reece, Employee/Respondent,**

v.

**NEAL CHEVROLET & UNIVERSAL UNDERWRITERS INS. CO., Employer/Insurer/Appellant.**

No. 67957.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 24, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 11, 1995.

Application to Transfer Denied Jan. 23, 1996.

Richard A. Day, Kortenhof & Ely, St. Louis, for appellant.

James J. Logan, Timothy A. Engelmeyer, McMichael & Logan, Chesterfield, for respondent.

REINHARD, Presiding Judge.

Employer appeals the award of death benefits to decedent's widow and two minor children [1] by the Labor and Industrial Relations Commission (Commission). The Administrative Law Judge (ALJ) denied compensation, and the Commission reversed the ALJ's decision. We affirm.

---

1. The two minor children are children of decedent's prior marriage to Joyce Reece, who is not a claimant in this action. Decedent was responsible for child support for the children at the time of his death.

On December 4, 1990, about 6:45 a.m., decedent was killed in a car accident on Highway 30, the road leading from his home in Union, Missouri, to his employer, Neal Chevrolet (Neal), in Crystal City, approximately forty miles away. Decedent was the service manager for the dealership and was driving a car owned by Neal at the time of the accident.

According to the testimony of claimant Gloria Reece, widow of decedent, decedent requested and received a company car when he began working for Neal approximately two years prior to the accident. Neal allowed decedent to use the car "strictly for business purposes," and decedent could only use the car as transportation to and from work and business meetings. Because of the use restrictions, Mrs. Reece had never been inside of the car. Although decedent's duties did not involve selling cars, Mrs. Reece recalled that decedent had talked to individuals about the company cars he drove, and her "son bought one [car] because of the one that he saw that [decedent] drove." At the time of the accident, the car had a Neal Chevrolet logo on the back of the car and a sale sticker in a rear window. Decedent never brought work home and never serviced cars while he was at home.

Alan Gerstein, owner of Neal, testified that management and salespeople customarily received company cars as a negotiated benefit in addition to their salary because Neal preferred its managers to drive Chevrolets. Neal provided maintenance, oil changes, taxes, and insurance for the company cars, which typically exhibited Chevrolet logos, a Neal Chevrolet decal on the trunk, and a buyer's guide in the left rear window. It was further admitted that Neal provided dealers license plates for decedent's company car. Employees driving company cars sometimes removed the buyer's guide from the window but were not required to do so. Gerstein encouraged salespeople and management to refer friends to the dealership but stated that decedent had never sold a car. Pursuant to Neal policy, the company cars were only to be driven by the Neal employee and to be used only as transportation to and from work or business meetings. Gerstein agreed that "the policy was designed to prevent individuals from driving this [company] car as their personal car for their personal use" and admitted that the dealership benefitted from its management's use of company cars.

■ On appeal, employer contends that the Commission erred in awarding death benefits to claimants because decedent was not in the course and scope of his employment at the time of his death.

■ In a workers' compensation case, we review the whole record, including legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission. *Kramer v. Bill's Marine, Ltd.,* 897 S.W.2d 213, 215 (Mo.App.E.D.1995). This court may modify, reverse, remand for rehearing, or set aside an award or decision of the Commission only if the Commission's actions were unauthorized by law, in excess of its authority, fraudulent, unsupported by the facts as found by the Commission, or unsupported by competent evidence on the whole record. *Id.*

■ The fundamental purpose of the Workers' Compensation Law is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment. *Brenneisen v. Leach's Standard Service Station,* 806 S.W.2d 443, 445 (Mo.App.1991). The law is to be liberally interpreted and is intended to extend its benefits to the largest possible class. *Id.* Any question as to the right of an employee to compensation must be resolved in favor of the injured employee. *Id.*

■ Generally, injuries sustained by an employee while en route from his home to his place of employment are not sustained within the course and scope of employment and, therefore, are not compensable. *Id.* at 448. However, "if the trip to and from work is made in a . . . car . . . under the control of the employer, an injury during that trip is incurred in the course of employment." *Griffin v. Doss,* 411 S.W.2d 649, 652–53 (Mo. App.1967), citing, 1 A. & L. Larson, *The Law*

*of Workmen's Compensation*, § 17.10, pp. 279–282.[2] Moreover:

> [I]njuries sustained by the workman while he is provided with transportation when going to or returning from his work are considered as arising out of his employment when such transportation ... has ripened into a custom to the extent that it is incidental to and part of the contract of employment, or when it is with the knowledge and acquiescence of the employer, or when it is the result of a continued practice in the course of the employer's business, and which practice is beneficial to both the employer and employee.

*Griffin*, 411 S.W.2d at 653, citing *Nicolasi v. Sparagna*, 135 N.J.L. 131, 50 A.2d 867–68(1) (N.J.1947). Thus, under *Griffin*, injuries sustained while going to work are compensable if the employer controls the transportation, the transportation is a continued practice, and the employer and employee mutually benefit from the arrangement. The mutual benefit prong is satisfied even when the advantage to the employer is slight. *Brenneisen*, 806 S.W.2d at 448.

Here, Gerstein testified that the company car was a negotiated benefit added to decedent's compensation package and that Neal retained control of the car through use and driver restrictions. Gerstein also asserted that giving cars to salespeople and sales management was an "established practice" at Neal since 1970. Gerstein further stated that Neal allowed its managers and salespeople to drive the company cars to and from work and business meetings and conceded that Neal received a benefit from its managers driving Chevrolets. Gerstein also admitted that Neal benefitted from decedent's use of the car because decedent had asked for a car, and it was given to him as an incentive to work for Neal. Furthermore, Mrs. Reece recalled that her son had purchased a car from Neal because he had liked one of the company cars driven by decedent. Thus, because Neal established a practice of providing cars to management, controlled decedent's company car through use and driver restrictions, and benefitted from its use by

decedent, the Commission did not err in awarding death benefits to claimants.

Judgment affirmed.

KAROHL and WHITE, JJ., concur.

---

2. Now, *see* 1 A. & L. Larson, *The Law of Workmen's Compensation*, § 17.11, p. 4–209.