LIBERTY MUTUAL INSURANCE COMPANY and Ace Homart, Respondents/Plaintiffs,

v.

William J. GARFFIE, Jr., Appellant/Defendant.

No. 70363.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 14, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 19, 1997.

Application to Transfer Denied March 25, 1997.

---

Stephen H. Ringkamp, Mark J. Becker, St. Louis, for respondents/plaintiffs.

Jeffry S. Thomsen, Debbie S. Champion, Evans & Dixon, St. Louis, for appellant/defendant.

RHODES RUSSELL, Presiding Judge.

William J. Garffie, Jr., appeals from the entry of a declaratory judgment which held that a 1993 amendment to § 287.150.3 RSMo 1986 should not be applied retroactively. Section 287.150.3 RSMo 1986 allowed an employer to be subrogated to the rights of its employee against a third party, when the third party was liable for an injury in which the employer provided worker's compensation benefits. The 1993 amendment to that statute reduced the amount of subrogation an employer would receive in some circumstances. We agree that the amendment cannot be applied retroactively as it affected the substantive rights of the parties. We affirm the declaratory judgment in favor of Liberty Mutual Insurance Company ("Liberty Mutual") and Ace Homart.

On July 9, 1988, Garffie was injured in a work-related accident while employed by Ace Homart. Liberty Mutual was Ace Homart's worker's compensation insurer at the time of the accident. Liberty Mutual paid $86,482.40 in worker's compensation benefits to Garffie as a result of his accident.

Garffie also filed a products liability action against Caterpillar Industrial, Inc. for injuries sustained as a result of his work-related accident. That suit was settled prior to trial by Caterpillar agreeing to pay Garffie $150,-000. The settlement did not mention any comparative fault on the part of Garffie.

Liberty Mutual and Ace Homart filed a petition for declaratory judgment to determine the amount of subrogation it was entitled to pursuant to § 287.150.3 RSMo.1986.

The case was submitted on stipulated facts. The only dispute between the parties was whether the 1993 amended version of § 287.150.3 should be applied or whether the earlier version applied. At the time of Garffie's work-related accident in 1988, and at the conclusion of his worker's compensation case in 1991, § 287.150.3 had not been amended. The statute in effect at that time provided, in pertinent part, as follows:

3. Whenever recovery against a third person is effected by the employee or his dependents, the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee. After the expenses and attorney fee has been paid the balance of the recovery shall be apportioned between the employer and the employee or his dependents in the same ratio that the amount due the employer bears to the total amount recovered, or the balance of the recovery may be divided between the employer and the employee or his dependents as they may agree....

This pre–1993 statute provided that when an employee sued a third party tortfeasor and received a monetary recovery, the employer was entitled to a pro rata reimbursement out of that recovery for its payments made for worker's compensation, after sharing fees and expenses with the employee. *Ruediger v. Kallmeyer Bros. Service,* 501 S.W.2d 56 (Mo.banc 1973).

Garffie contends, however, that the 1993 amended statute applies. The amended version of § 287.150.3 provides as follows:

3. Whenever recovery against the third person is effected by the employee or his dependents, the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee. After the expenses and attorney fee have been paid, the balance of the recovery shall be

apportioned between the employer and the employee or his dependents in the same ratio that the amount due the employer bears to the total amount recovered *if there is no finding of comparative fault on the part of the employee, or the total damages determined by the trier of fact if there is a finding of comparative fault on the part of the employee.* Notwithstanding the foregoing provision, the balance of the recovery may be divided between the employer and the employee or his dependents as they may otherwise agree....

(emphasis ours).

Under the amended statute, if a "trier of fact" determines that an employee is comparatively at fault, the employer's recovery would be diminished by that same percentage. Garffie argues that his settlement with Caterpillar was significantly smaller than it otherwise would have been due to his own substantial comparative fault. Liberty Mutual and Ace Homart responds that the 1993 statute cannot be applied retroactively, since the amendment effected their substantive rights.

The trial court entered findings of fact, conclusions of law, order, and judgment stating that Liberty Mutual and Ace Homart's subrogation rights were governed by § 287.150.3 as in effect March 1, 1991. Furthermore, it found that if the 1993 amended version of the statute was applicable, the subrogation rights would not be altered because the amended statute would only reduce the subrogation rights of the employer if the "trier of fact" had determined that the employee was comparatively at fault.

Garffie's settlement with Caterpillar Industrial, Inc. included no finding of comparative fault. The trial court rejected Garffie's argument that it had authority to enter a finding as to Garffie's comparative fault. In order to avoid a remand, in the event we find the trial court did have such authority, it stated that Garffie had been 50% at fault and that his damages did exceed $300,000. Garffie appeals.

■ In Garffie's only point, he argues the trial court erred by not applying § 287.150.3, as amended in 1993. He further argues that

the trial court erred by declaring that if the current version of the statute was applicable, it would not effect the subrogation rights of the parties.

The parties agree that if the 1993 statute is applied, and if Garffie's comparative fault is found to be 50%, then Liberty Mutual and Ace Homart's amount of subrogation would be reduced by $21,595.86.

■ Article I, Section 13 of the Missouri Constitution prohibits retroactive laws which take away or impair vested rights acquired under existing law or create a new duty, or attach a new disability in respect to transactions or considerations already past. *Elliot v. Kesler,* 799 S.W.2d 97, 102 (Mo.App.1990). A statute which affects only the procedure or remedy, however, will be applied retrospectively unless the legislature expressly states otherwise. *Wilkes v. Missouri Highway & Transp. Com.,* 762 S.W.2d 27, 28 (Mo.1988).

Garffie argues that the 1993 amendment to § 287.150 is remedial because it did not create or eliminate any existing rights, but simply clarified the parties' existing rights. Garffie relies on *Croffoot v. Max German, Inc.,* 857 S.W.2d 435 (Mo.App.1993) where we determined that a 1990 amendment to § 287.160 RSMo 1986 should be applied retroactively. That amendment directed that interest on worker's compensation benefits can not begin to accrue until after the date of the administrative law judge's award. *Id.* Prior to that amendment, the worker's compensation law provided for the payment of interest from the date the benefits were owed, beginning from the date of injury. *Martin v. Mid–America Farm Lines, Inc.,* 769 S.W.2d 105, 112 (Mo.banc 1989). This court found that the statute was remedial and, therefore, should be applied retroactively. The *Croffoot* court said that a vested right must be more than a mere expectation that the law would remain unchanged. *Croffoot,* 857 S.W.2d at 436. Furthermore, the court noted that retroactive application of the law did not offend notions of justice and fair play. *Id.*

Garffie contends that the amended statute, as in *Croffoot,* affects only the parties' remedial rights to damages and, thus, is procedur-

al. We disagree. As the Western District of this court stated in *Stillwell v. Universal Construction Co.*, 922 S.W.2d 448 (Mo.App. 1996), we do not read *Croffoot* as holding that all amendments to statutes affecting the measure of damages must necessarily be characterized as remedial.

In *Stillwell*, an amendment to § 287.240.1 RSMo 1986 which increased the maximum amount an employer was required to pay for the burial expenses of an employee was found to affect the substantive rights of the employer and could not be applied retroactively. The *Stillwell* court relied upon *State ex rel. St. Louis–San Francisco Railway Company v. Buder*, 515 S.W.2d 409 (Mo.banc 1974). That case involved a man who was killed in an automobile-train accident. At the time of his accident, Missouri had a statutory cap of $50,000 for wrongful death suits. Prior to trial, however, the legislature lifted that cap. The Missouri Supreme Court found that lifting the cap affected the railway's substantive rights, and refused to apply the statute retrospectively.

The reasoning in *Stillwell* and *Buder* is applicable here. At the time of Garffie's accident and the date he settled his worker's compensation claim, Liberty Mutual and Ace Homart were entitled to full subrogation rights under the *Ruediger* formula, regardless of whether the employee was comparatively at fault. The subsequent change in the statute, which required a reduction in the employer's subrogation rights if the employee's third party recovery was reduced because of comparative fault, impaired the employer's vested rights under existing law.

Prior to the 1993 amendment comparative fault was irrelevant. The 1993 amendment served the purpose of making it relevant. It did so without a statutory expression for retroactive application. The dispute in this case is whether or not the employer should receive less money from the recovery of the third party settlement by "sharing" the employee's comparative fault reductions. The dispute implicates substantive rights which may only be valued under the pre–1993 statute. We do not reach employee's alternative argument regarding the rights of the parties under the 1993 amendment. Point denied.

Judgment is affirmed.

SIMON and KAROHL, JJ., concur.