**William D. FILES, Claimant/Appellant,**

v.

**WETTERAU, INCORPORATED, Employer/Respondent.**

**No. 75103.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 22, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 17, 1999.

Gregory D. O'Shea, St. Louis, for appellant.

William Lemp, St. Louis, for respondent.

## OPINION

JAMES R. DOWD, Presiding Judge.

William D. Files ("Claimant") appeals from a final award of the Labor and Industrial Relations Commission denying compensation.

### Factual Background

On April 17, 1985, Claimant, an employee of Wetterau, Inc., suffered a knee injury while working at an I.G.A. grocery store in Franklin County, Missouri. Claimant was struck on the left knee by the passenger door of a vehicle as he stood on the I.G.A. parking lot. This injury required several surgical interventions including a partial knee replacement in 1991. Claimant filed a claim for workers' compensation against Wetterau which settled for a lump sum of $17,500 on March 19, 1991.

At the time of settlement, physicians contemplated that a total knee replacement may be necessary in the future but deferred the procedure because of Claimant's young age. The parties addressed this expectation in a release stating employee's rights upon settlement: "the employee understands that employee will receive no further compensation or medical aid by reason of this accident; that the employee understands this settlement covers any and all injuries or disabilities pertaining to the employee's injuries to the date hereof." In addition, the settlement document contained handwritten calculations for an amount of "extra future med," referring to future medical expenses.

Claimant continued to experience knee pain after settling his claim. In 1994, Claimant's physician determined that the 1991 partial knee replacement had worn out and recommended a total knee replacement to alleviate the pain. Claimant underwent total knee replacement surgery on July 18, 1994. Between the years of settlement and the replacement surgery, the Missouri General Assembly passed section 287.430.2 RSMo Supp.1993 [1] which allowed workers' compensation claimants to reactivate their claims after settlement if the claimant required replacement, modification, or exchange of an existing prosthetic device.[2] In April 1998, Claimant submitted a claim for reimbursement for replacement knee surgery to the Labor and Industrial Relations Commission pursuant to section 287.430.2. The Commission denied his claim reasoning that Article I, section 13 of the Missouri Constitution barred retroactive application of section 287.430.2 because such application would create a new right to reopen previously settled claims.

### STANDARD OF REVIEW

■ Decisions of the Labor and Industrial Relations Commission that are clearly interpretations or applications of law, rather than determinations of fact are reviewed for correctness without deference to the Commission's judgment. *West v. Posten Constr. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991).

### ANALYSIS

■ In his sole point of error, Claimant argues that section 287.430.2 is procedural in nature and should be retroactively applied to permit reactivation of his claim. We disagree. Article I, section 13 of the Missouri Constitution prohibits retroactive laws which take away or impair vested rights acquired under existing law or create a new duty, or attach a new disability to transactions already past.[3] *Liberty Mut. Ins. Co. v. Garffie*, 939 S.W.2d 484, 486 (Mo.App. E.D.1997). Additionally, the common law presumes prospective application of statutes with two exceptions: (1) where the legislature specifically intends for retroactive application; or (2) where the statute is remedial or procedural in nature. *Estate of Pierce v. State, Dept. of Social Services*, 969 S.W.2d 814, 822 (Mo. App. W.D.1998). On its face, section 287.430.2 offers no suggestion of legislative intent for retroactive application. Therefore, this Court must determine whether section 287.430.2 falls within the second exception.

■ Substantive law and procedural law differ in that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit. *Wilkes v. Missouri Highway & Transp. Comm'n*, 762 S.W.2d 27, 28 (Mo. banc 1988). Substantive laws fix and declare primary rights and remedies of individuals concerning their person or property, while remedial statutes affect only the remedy provided, including laws that substitute a new or more appropriate remedy for the enforcement of an existing right. *Faulkner v. St. Luke's Hosp.*, 903 S.W.2d 588,

---

1. Although section 287.430.2 was subsequently renumbered as 287.140.8 RSMo Cum. Supp.1998, the provision will be referred to as section 287.430.2 throughout this opinion.

2. The relevant portions of section 287.430.2 RSMo 1993 provide as follows:
   The director of the division shall establish a procedure whereby a claim for compensation may be reactivated after settlement of such claim is completed. The claim shall be reactivated only after the claimant can show good cause for the reactivation of this claim and the claim shall be made only for the payment of medical procedures involving life threatening surgical procedures or if the claimant requires the use of a new or the modification, alteration or exchange of an existing prosthetic device.

3. Article I, section 13 of the Missouri Constitution provides "[t]hat no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted."

592 (Mo.App. W.D.1995). Missouri courts have interpreted statutes that affect a measure of damages as remedial. *See Estate of Pierce*, 969 S.W.2d 814; *Leutzinger v. Treasurer*, 895 S.W.2d 591 (Mo.App. E.D.1995); *Croffoot v. Max German, Inc.*, 857 S.W.2d 435 (Mo.App. E.D.1993). Similarly, statutes which authorize a remedy for an existing cause of action have been construed as remedial. *Wilkes*, 762 S.W.2d at 28 (relating to abrogation of sovereign immunity for negligence claims).

Conversely, Missouri courts have classified laws that take away or impair vested rights as substantive in nature. *Liberty Mut. Ins. Co.*, 939 S.W.2d at 486. In the area of workers' compensation law, statutes must be construed consistently with the maxim that any doubt with regard to the right of an employee to compensation should be resolved in favor of the injured employee. *Wolfgeher v. Wagner Cartage Serv.*, 646 S.W.2d 781, 783 (Mo. banc 1983). In these cases, courts have refused to apply seemingly procedural or remedial statutes retroactively if the result would harm the injured employee. *See also, Faulkner v. Chrysler Corp.*, 924 S.W.2d 866 (Mo.App. E.D.1996); *Fletcher v. Second Injury Fund*, 922 S.W.2d 402 (Mo. App. W.D.1996); *Suarez v. Treasurer of Missouri*, 924 S.W.2d 602 (Mo.App. W.D. 1996). The *Faulkner*, *Suarez*, and *Fletcher* cases analyzed section 287.220.1 which placed a threshold on the percentage of physical disability a claimant must demonstrate before the Second Injury Fund would compensate for a work-related injury. The courts in these cases refused to retroactively apply the statute where such application could substantively impair claimants' rights to compensation for their injuries.

■ The present case contemplates a different issue. Section 287.430.2 infringes upon an employer's vested right to rely on executed settlement agreements by allowing claimants to reactivate settled workers' compensation claims.[4] Prior to the enactment of section 287.430.2, an employee needing replacement of a prosthetic device had three options. First, the employee could request a hearing and seek an order awarding damages for future medical expenses. Secondly, the employee could leave his claim open until the issue of future medical care had been resolved. Finally, the employee could negotiate a settlement agreement to resolve all disputed issues, including future medical costs like replacement of a prosthetic device. None of these options allowed the employee to reopen a previously settled claim.

The specific facts of the present case illustrate how a retroactive application of the statute would impact the substantive rights of the parties. Through the settlement agreement Claimant released Wetterau from liability for future medical expenses relating to his knee injury. At the hearing to reopen his claim, Claimant testified that when he signed the release, he knew additional surgery would be necessary if the partial knee replacement should fail. A retroactive application of section 287.430.2 would create a new right for Claimant to receive additional compensation for a claim he knowingly released and impose a new burden on Wetterau, who previously discharged this obligation for valuable consideration.

This case involves a narrow distinction between substance and remedy. As a result of a work-related injury, Claimant has undergone numerous surgeries and medical interventions including a total knee replacement. Although these interventions undeniably stem from this injury, this Court cannot accept Claimant's attempt to revive his claim by applying a statute not in force at the time of settlement. When the parties agreed to settle,

4. Prior to enactment of this statute, *Shockley v. Laclede Electric* barred reactivation of settled workers' compensation claims that included a full release of the employer absent a showing of fraud or mistake. *Shockley*, 825 S.W.2d 44, 47 (Mo.App. S.D.1992); *see also Burger v. Bridgestone/Firestone, Inc.*, 902 S.W.2d 308, 311 (Mo.App. E.D.1995).

Claimant's physicians predicted a total knee replacement would be necessary. The parties were aware of this medical opinion and considered it in negotiating the $17,500 settlement. Therefore, reactivation of this claim would significantly alter Employer's vested right to rely on the settlement agreement as finally disposing of all matters between the parties. The Commission's denial of the award is affirmed.

LAWRENCE G. CRAHAN and RICHARD B. TEITELMAN, JJ., concur.