Lillian CARTEE,
Claimant/Appellant/Cross–Respondent,

v.

SHERATON WESTPORT INN,
Employer/Respondent/Cross–
Appellant,

and

Treasurer of Missouri as Custodian of
Second Injury Fund, Respondent.

Nos. ED 77822, ED 78409.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 28, 2000.

Frank J. Niesen, Jr., St. Louis, for appellant.

Patrick N. McHugh, Robert Kenney, Asst. Atty. Gen., St. Louis, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Lillian Cartee (Claimant) appeals from a final award of the Labor and Industrial

Relations Commission (Commission) which modified the award of the Administrative Law Judge (ALJ) and awarded Claimant permanent partial disability benefits from Sheraton Westport Inn (Employer), but found the Second Injury Fund (SIF) not liable for disability benefits. Claimant asserts the Commission erred in (1) finding Claimant was permanently and totally disabled but not ordering Employer or Insurer to pay for benefits for this disability, and (2) finding Claimant was permanently and totally disabled as to the primary injury but also finding that same primary injury was transient and non-permanent in assessing SIF liability. Employer cross-appeals claiming the Commission erred in entering an award against the Employer for 20% permanent partial disability and also finding the effects of the primary injury were transient. We reverse and remand.

Claimant was injured when she fell while working as a waitress for Employer. Claimant's entire right side of her body was injured. Claimant now has difficulty doing daily chores. Claimant filed a claim and the case was heard by the ALJ. The ALJ found Claimant permanently and totally disabled and found the Employer was liable for permanent disability as to 20% of the body due to the work related injury, and the SIF was liable for permanent total disability due to the combination of Claimant's prior injuries and the primary injury. The Commission modified the decision of the ALJ and found Claimant was permanently and totally disabled, but only awarded her 20% permanent partial disability as to the body against the Employer for the primary injury but also found her symptoms from the primary injury were only transient. Claimant appeals.

We address Claimant's second point first because it is dispositive. Claimant asserts the Commission erred in finding Claimant was permanently and totally disabled as to the primary injury and also finding that same injury was transient and non-perma-

nent in assessing SIF liability. Employer agrees the findings are inconsistent.

■ Questions of fact are for the Commission and we may not substitute our judgment on the evidence for that of the Commission's, even if the evidence could support a contrary finding. *Reeves v. Midwestern Mortg. Co.*, 929 S.W.2d 293, 295 (Mo.App. E.D.1996). The weight to be given evidence rests with the Commission and it alone determines the credibility of witnesses. *Id.* This court may modify, reverse, remand for rehearing, or set aside an award or decision of the Commission only if the Commission's actions were unauthorized by law, in excess of its authority, fraudulent, unsupported by the facts as found by the Commission, or unsupported by competent evidence on the whole record. *Reece v. Neal Chevrolet & Universal Underwriters Ins. Co.*, 912 S.W.2d 599, 601 (Mo.App. E.D.1995); Section 287.495.1, RSMo 1994.

■ Here, we find the Commission's award is unsupported by the facts as found by the Commission. The Commission found in its Final Award Allowing Compensation that the work-related injury caused Claimant to have transient symptoms. The Commission, however, also concluded that Claimant is entitled to an award of permanent partial disability in the amount of 20% of the lumbar spine due to the work-related injury. We find these two statements are inconsistent in that one statement concludes Claimant's condition is only transitory and another statement concludes that this condition has resulted in a permanent partial disability.

We reverse and remand for consistent findings from the Commission. Because of our disposition on this point, we do not address Claimant's other point on appeal or Employer's point on cross-appeal.

MARY RHODES RUSSELL and TEITELMAN, JJ., concur.