**SACHS ELECTRIC CO., Appellant;**

**TIG Insurance Company, Appellant,**

v.

**Robert MAPES, Dec.; Anna Mapes, Respondent.**

**No. WD 68615.**

Missouri Court of Appeals, Western District.

June 10, 2008.

---

A: Yes.

Q: Both—Both the children's last names be changed to Neel?

A: Yes."

Thomas R. Hill, Esq., Kansas City, MO, for appellant.

Scott W. Mach, Esq., Kansas City, MO, for respondent.

Before Div. IV: HOWARD, C.J., LOWENSTEIN and WELSH, JJ.

HAROLD L. LOWENSTEIN, Judge.

Sachs Electric Company employed Robert Lee Mapes prior to his death from exposure to asbestos on October 1, 1987. On January 4, 1994, the Division of Workers' Compensation ordered Sachs Electric and its insurer, Transamerica Insurance Company (collectively "Appellants"), to pay Anna Mapes, Robert Mapes's widow, a death benefit of $269.81 per week. On appeal, the Labor and Industrial Relations Commission ("the Commission"), on November 18, 1994, affirmed the amount of the weekly benefit.

On May 29, 2007, Appellants filed this application with the Commission, pursuant to Section 287.470,[1] seeking review of the

---

1. All statutory references are to RSMo (Cum. Supp.2005) *unless otherwise specified.*

Section 287.470 provides:

Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the commission may at any time upon a rehearing after due notice to the parties interested review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter, and shall immediately send to the parties and the employer's insurer a copy of the award. *No such review shall*

death benefit award. Appellants asserted that they were due credits against future payments for past overpayment and a credit for an unspecified March 1999 third-party recovery. Appellants asserted that, "because of an error, weekly compensation was paid to Mrs. Mapes in the amount of $289.91 or $20.10 extra each week for multiple weeks. During other weeks, compensation was paid to Mrs. Mapes in the amount of $286.21 or $16.40 extra each week." Appellants sought a credit for $4,184.80 in overpayments.

The Commission dismissed the application for lack of jurisdiction. Specifically, the Commission found that Section 287.470 "does not authorize the Commission to modify a final award, except upon a showing of change in physical condition of the injured employee." As Appellants could not show a change in the physical condition of Robert Mapes, who was deceased prior to the 1994 award, the Commission concluded that it had "no statutory authority to consider the request of the employer/insurer."

■ As this appeal concerns the statutory interpretation of Section 287.470, this court reviews the decision of the Commission *de novo. Bunker v. Rural Elec. Coop.,* 46 S.W.3d 641, 643 (Mo.App.2001). "Decisions of the Labor and Industrial Relations Commission that are clearly interpretations of application of law, rather than determinations of fact are reviewed for correctness without deference to the Commission's judgment." *Files v. Wetterau, Inc.,* 998 S.W.2d 95, 97 (Mo.App.1999).

■ Section 287.470 provides that a party in interest may apply for a rehearing "on the ground of a change in condition." Without a showing of a change in condition, the Commission is without jurisdic-

tion to entertain the application for review. *Dunn v. Hussman Corp.,* 892 S.W.2d 676, 679 (Mo.App.1994).

Missouri courts have consistently interpreted the phrase, "a change in condition," to mean "a change in the physical condition of the claimant since the original award of compensation was issued." *Bunker,* 46 S.W.3d at 646. *See also Kramer v. Labor & Indus. Relations Comm'n,* 799 S.W.2d 142, 144 (Mo.App. 1990). Absent a showing of a change in the physical condition of the claimant, an award of the Commission is final and immune from collateral attack. *Barry v. Falk,* 217 S.W.3d 317, 320 (Mo.App.2007).

■ Appellants acknowledge the courts' interpretation of Section 287.470 and concede that they cannot show a change in the physical condition of the decedent. Nevertheless, Appellants argue, without citation to legal or factual support for such contention, that their motion seeking credits under Section 287.470 was proper. Appellants seeks to distinguish the cases upon which the Commission relied in dismissing their application solely on the facts of each case rather than providing this court with any law, from this state or any other, that would confer jurisdiction on the Commission to review an award absent a showing of a change in the physical condition of the decedent.

Missouri law is very clear that Section 287.470 requires that an application for review demonstrate a change in the physical condition of the claimant before the Commission has jurisdiction to review the award. *Bunker,* 46 S.W.3d at 646. Accordingly, the Commission was without jurisdiction to entertain Appellants' application for review. Appellants argue that if Section 287.470 does not offer any relief to

*affect such award as regards any moneys paid.*

(Emphasis added).

employers and insurers for corrections of final awards of the Commission, they are without statutory resource to correct past or future errors. Decades of case law have denied the Commission such statutory authority. The legislature alone can enlarge the Commission's authority in this area.

Judgment affirmed.

All concur.